CHRIS D. MANZER, APPELLANT, V.
CLIFFORD PENTICO, DOING BUSINESS AS PENTICO
INSURANCE AGENCY, APPELLEE.

307 N.W.2d 812

Filed July 2, 1981. No. 43424.

Curtiss & Baird for appellant.

Dennis E. Martin of Dwyer, O'Leary & Martin, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

Plaintiff brought this action for damages against the defendant insurance agent for the defendant's alleged failure to obtain insurance to cover plaintiff's custom farming operations. After the taking of depositions and filing of interrogatories the District Court sustained defendant's motion for summary judgment and dis-

missed plaintiff's petition.

Plaintiff's petition alleged that the defendant had breached an oral contract to obtain insurance to cover the plaintiff's custom farming operations, and also alleged that defendant had agreed to obtain such insurance but had negligently failed to do so. Defendant's answer denied the material allegations of plaintiff's petition, alleged that defendant had no knowledge that plaintiff was engaged in the custom farming business, and set forth various affirmative defenses.

The record shows that plaintiff operates his own 240-acre dairy farming operation, a farm implement business, and a custom farming business. The plaintiff first purchased casualty insurance coverage for his dairy farming operation from the defendant in 1969 and from that time on the defendant provided the plaintiff with insurance coverage for the 240-acre operation. Defendant knew that plaintiff was engaged in the farm implement business but the defendant did not handle the insurance for that business. The defendant testified that he had no knowledge or notice that plaintiff was engaged in the custom farming business.

On June 15, 1977, while performing custom farming operations, the plaintiff improperly sprayed a client's field with 2-4-D, causing damages determined to be approximately $10,000. The plaintiff submitted the claim to defendant under the farm liability policy issued to the plaintiff through the defendant. The insurer denied liability on the ground that the policy did not cover custom farming operations. The plaintiff then commenced this action against the defendant.

The evidence is undisputed that the defendant was never directly informed of plaintiff's custom farming operations. The evidence is also undisputed that the defendant never told the plaintiff that custom farming operations were covered under the farm liability policy. The plaintiff admitted that he could not remember specifically informing the defendant of the custom farming operations or requesting the defendant to

provide insurance coverage for those operations.

Following the hearing on defendant's motion for summary judgment the District Court found that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. The District Court sustained the motion for summary judgment and dismissed plaintiff's petition.

On appeal the plaintiff contends that there is an issue of fact as to whether the defendant had knowledge that plaintiff was engaged in custom farming operations. Plaintiff relies upon his own testimony that at some time before 1977 he told the defendant in a conversation that the plaintiff had fertilized a crop on the wrong land and the owner had been very angry with him because of the error. Although that conversation may have been material as to whether the defendant should have known that the plaintiff was engaged in custom farming operations, it was not material as to whether the plaintiff had ever requested insurance coverage for his custom farming business, or whether the defendant had ever agreed to provide such coverage.

The case of *Kenyon & Larsen v. Deyle*, 205 Neb. 209, 286 N.W.2d 759 (1980), is decisive of the case at bar. In that case we held that it is the duty of an insured to advise the agent as to the insurance he wants, including the limits of the policy to be issued. See, also, *Collegiate Mfg. Co. v. McDowell's Agency, Inc.*, 200 N.W.2d 854 (Iowa 1972).

Upon a motion for summary judgment the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1979).

The judgment of the District Court was correct and is affirmed.

AFFIRMED.