CLARENCE POLSKI AND JERRY POLSKI, APPELLANTS, V. VAUGHN POWERS, APPELLEE.

377 N.W.2d 106

Filed December 6, 1985.   No. 84-809.

Earl D. Ahlschwede of Ahlschwede, DeBacker & Truell, for appellants.

James D. Livingston of Cunningham, Blackburn, VonSeggern, Livingston & Francis, for appellee.

KRIVOSHA, C.J., CAPORALE, and SHANAHAN, JJ., and GARDEN, D.J., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

Clarence Polski and Jerry Polski, father and son (hereinafter jointly referred to as Polskis), appeal from a judgment entered by the district court for Howard County, Nebraska, granting summary judgment in favor of the appellee, Vaughn Powers. The Polskis commenced this action by filing a petition against

Powers which contained two causes of action. The first cause of action alleged that Powers breached an agreement he had had with the Polskis to provide them with insurance protecting them from death loss to certain pigs which they raised. The second cause of action alleged that Powers was negligent by failing to inform the Polskis that the policy which they had purchased through Powers excluded coverage to livestock dying because of suffocation. They further alleged that Powers was negligent by failing to inform them that the exclusion for suffocation could be eliminated from their insurance policy by payment of an additional premium, and further by failing to explain and discuss the policy provisions and exclusions with them. For reasons more particularly set out hereinafter, we affirm the decision of the district court granting summary judgment in favor of Powers.

The facts of the case are without dispute in all material aspects. The Polskis have a farming operation near Elba in Howard County, Nebraska. Powers is an insurance agent for Farm Bureau Insurance Company of Nebraska and has been selling insurance to the Polskis, including coverage for their livestock, since 1956. The policy on the livestock, which apparently had been sold to the Polskis for many years, insured them against certain types of death losses to their livestock but specifically excluded loss caused in whole or in part by smothering.

In 1979 the Polskis constructed a confinement nursery for hogs on their farm and, for the first time, began to conduct a confined hog operation. The confinement nursery had a series of fans on the exterior of the building used to circulate air. Those fans are powered by electricity. On the morning of August 23, 1983, the Polskis discovered that lightning had struck near their farm, causing the fans in the confinement nursery to stop. Their backup electric generator also stopped, resulting in the suffocation and death loss of 226 pigs owned by the Polskis. The carrier, Farm Bureau Insurance Company of Nebraska, denied liability on the basis of the exclusion in the policy.

The evidence is without dispute that the policy clearly provides that death to livestock caused by suffocation is

excluded. There is no contention made that the policy is in any manner ambiguous or that if anyone read the policy he or she would be misled. The Polskis concede that they never read the policy until after the loss occurred, but maintain that Powers should have told them about the exclusion. The evidence further clearly establishes that the Polskis never specifically asked Powers to provide them coverage for a hog confinement operation or to change the livestock coverage which they had for a number of years, or to give them any advice with regard to obtaining coverage for the livestock to be kept in the confinement building. The policy which was delivered to the Polskis by Powers was simply the same policy which had been purchased by the Polskis in previous years and before they started their hog confinement operation.

It is apparently the contention of the Polskis that Powers, upon seeing the construction of the confinement building, had a duty to advise the Polskis that their livestock coverage did not cover the hogs if they died of suffocation inside the confinement building. We do not believe that to be the law in this jurisdiction.

The instant case is somewhat similar to the situation presented to us in *Manzer v. Pentico*, 209 Neb. 364, 307 N.W.2d 812 (1981). In *Manzer* the plaintiff brought an action for damages against the defendant insurance agent for allegedly failing to obtain insurance to cover the plaintiff's custom farming operations. After the taking of depositions and filing of interrogatories, the district court sustained the insurance carrier's motion for summary judgment and dismissed the plaintiff's petition. In affirming the action of the district court, we said at 366, 307 N.W.2d at 813, that "it is the duty of an insured to advise the agent as to the insurance he wants, including the limits of the policy to be issued." See, also, *Kenyon & Larsen v. Deyle*, 205 Neb. 209, 286 N.W.2d 759 (1980); *Collegiate Mfg. Co. v. McDowell's Agency, Inc.*, 200 N.W.2d 854 (Iowa 1972).

While Powers may have been aware that the Polskis had built a new building and were keeping hogs in the building, he had no knowledge that they wished to change their insurance coverage or to obtain other or different coverage. While it may be good

business for an insurance agent to make such suggestions, absent evidence that an insurance agent has agreed to provide advice or the insured was reasonably led by the agent to believe he would receive advice, the failure to volunteer information does not constitute either negligence or breach of contract for which an insurance agent must answer in damages. See, *Fleming v. Torrey*, 273 N.W.2d 169 (S.D. 1978); *Johnson v. Tenuta & Co.*, 13 N.C. App. 375, 185 S.E.2d 732 (1972).

We believe it would be an unreasonable burden to impose upon insurance agents a duty to anticipate what coverage an individual should have, absent the insured's requesting coverage in at least a general way. Where the evidence, as here, discloses that this policy was the renewal of a policy which had been purchased by the Polskis for a number of years prior to the loss, and the Polskis never asked for coverage for death loss due to suffocation or even asked Powers for his advice regarding the new hog confinement operation, we believe that there was no genuine issue as to any material fact and Powers was entitled to judgment as a matter of law. See Neb. Rev. Stat. § 25-1332 (Reissue 1979). On that basis the decision of the district court in granting the summary judgment and dismissing Polskis' petition was correct. The judgment is affirmed.

AFFIRMED.