JOSEPH B. BERNADT, APPELLEE, V. SUBURBAN AIR, INC., A NEBRASKA CORPORATION, AND JAY A. YODER, APPELLANTS.
378 N.W.2d 852

Filed December 27, 1985.    No. 84-739.

William J. Panec, for appellants.

Michael E. Willet and James G. Sharp of Everson, Noble, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellee.

KRIVOSHA, C.J., and CAPORALE, J., and BLUE and OLBERDING, D. JJ., and COLWELL, D.J., Retired.

BLUE, D.J.

On July 26, 1982, Joseph B. Bernadt, plaintiff, employed Jay A. Yoder, defendant, to give him a flight review and check ride in plaintiff's Cessna 182 aircraft. Yoder was an FAA certified flight instructor and an employee of Suburban Air, Inc., defendant. Bernadt and Yoder took off from Pawnee City airport, with Bernadt flying Bernadt's aircraft. Shortly thereafter, the engine of the aircraft misfired and quit operating. Both parties agree that Bernadt was flying the aircraft at the time the engine quit; however, their testimony as to what happened from there on is in conflict.

Bernadt claims that he continued to fly the plane to a point approximately 20 feet above the ground near the emergency landing field and that as they crossed over a fence, Yoder turned the plane to the right, which caused the plane to crash into the ground. Yoder claims that he took control of the aircraft as soon as the engine quit and flew it to within 10 to 20 feet above the ground and that just before they reached a fence, Bernadt

grabbed the control wheel and pulled back on it, causing the plane to stall and crash.

The jury returned a verdict for Bernadt, for damages to his airplane, against Suburban Air, Inc., and its employee, Jay A. Yoder, who have taken this appeal.

The defendants assign the following errors:

1. The Trial Court erred in allowing the witness Charles Thomas to testify as an expert and to give his opinion about the ability to land an aircraft in the emergency landing field where the accident occurred and as to the cause of the accident.

2. The Trial Court erred in permitting the Plaintiff's evidence of an experiment by Plaintiff's expert witness when the facts constituting the basis of the experiment were substantially different than the facts existing at the time of the damage to the Plaintiff's property.

3. The Trial Court erred in permitting the Plaintiff's expert witness to give his opinion in response to an improper hypothetical question.

4. The Trial Court erred in overruling the Defendants' Motion for a directed verdict at the close of the Plaintiff's case.

5. The Trial Court erred in sustaining Plaintiff's Motion in Limine which prevented the Defendant-Appellants from introducing evidence bearing on the credibility of the Plaintiff.

The plaintiff introduced evidence from Charles Thomas, an expert witness. Thomas is an aerial applicator of farm chemicals. He has both a private and a commercial pilot's license and flies daily, with a total of approximately 13,600 hours of flight time. He has flown many types of aircraft and has approximately 200 hours of experience flying a Cessna 182, which is the type owned by plaintiff.

Thomas testified without objection that, after the crash, he landed a Cessna 188 on the field where plaintiff's plane had crashed. The Cessna 188 is a larger plane than the Cessna 182 which was owned by plaintiff. Thomas was asked if he had an opinion whether plaintiff's plane, assuming a southerly wind of 5 m.p.h. and a temperature of 90 to 95°F., could have landed

safely if it had continued in a southerly approach and landed in a southerly direction. The objection was: "And that's objected to for the reason that it's an improper hypothetical question, does not contain all the facts; and there's insufficient foundation, and it's an attempt to draw a comparison without sufficient facts." The objection was overruled, and the witness answered, "That it could have been landed safely."

Thomas was also asked for his opinion as to the cause of the crash. The objection was on the basis of insufficient foundation, speculation, not the proper area of expert testimony, and that it was an improper hypothetical question. The objection was overruled and the witness stated, "When the aircraft is turned that close to the ground it causes it to cartwheel."

Defendants claim that it was error to allow Charles Thomas to testify as an expert witness, in that it was not shown that he was qualified. A review of the evidence reveals that defendants did not object that Thomas did not possess the necessary qualifications to qualify as an expert; only general objections were made in connection with the questions that called for an opinion. In *State v. Bideaux*, 219 Neb. 718, 365 N.W.2d 830 (1985), a fire chief was asked to give his opinion as to the cause of a fire, and the objection was lack of foundation. The court stated that a general objection on foundation does not reach the qualifications of the witness, as the court and opposing counsel are entitled to know that the objection goes to the qualifications of the witness as an expert rather than to the factual foundation for the opinion. The admission of opinion testimony of an expert is generally discretionary with the trial court, and the determination of its weight is largely a matter for the jury. It follows that the defendants' claim that Thomas should not have been permitted to testify as an expert has no basis.

Defendants also claim that it was error to allow testimony of Thomas that he landed on the emergency field. However, the record shows no objection to this testimony; therefore, this assignment of error will not be considered.

Defendants allege that Thomas was allowed to answer an improper hypothetical question which asked for his opinion as to whether plaintiff's plane could have landed. There is no

question that this is a proper subject of expert testimony. Neb. Rev. Stat. § 27-702 (Reissue 1979). It also appears that the hypothetical question was proper. The question referred to a southerly wind of 5 m.p.h. and a temperature of 90 to 95 °F. This fairly reflects the evidence. In *Morris v. Laaker*, 213 Neb. 868, 873, 331 N.W.2d 807, 810 (1983), this court stated:

> However, there is nothing wrong with an expert witness expressing an opinion based on facts "perceived by or made known to him." Neb. Rev. Stat. § 27-703 (Reissue 1979). If a hypothetical question, calling for expert skill or knowledge, is so framed as to fairly and reasonably reflect the facts proved by any of the witnesses in the case, it will be sufficient.

Defendants assign as error the overruling of defendants' motion for a directed verdict at the close of the plaintiff's case. It appears that it was not error to refuse to direct a verdict. There was sufficient evidence to sustain a finding for the plaintiff. A party against whom a motion for directed verdict is aimed is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. The court should not decide an issue as a matter of law unless the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom. *Foltz v. Northwestern Bell Tel. Co., ante* p. 201, 376 N.W.2d 301 (1985).

Defendants also claim but do not argue that the trial court erred in sustaining plaintiff's motion in limine. Defendants fail to point out the motion in limine to which this claim is directed. However, a review of the motions in limine that were made by the plaintiff, and sustained in part, allows us to dispose of this assignment by reference to Neb. Rev. Stat. § 27-103 (Reissue 1979): "(1) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."

No substantial right of the defendants was affected by this ruling.

For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.