MISLE CHEVROLET COMPANY, A NEBRASKA PARTNERSHIP, APPELLEE, V. MARTIN A. KOMETSCHER, APPELLANT.
408 N.W.2d 713

Filed July 2, 1987.   No. 85-554.

Joseph J. Cariotto, for appellant.

Gary J. Nedved of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiff-appellee, Misle Chevrolet Company, brought this action in the district court for Lancaster County, seeking damages from the defendant-appellant, Martin A. Kometscher, in connection with the trade-in of Kometscher's 1977 Chevrolet pickup on the purchase of a 1982 Chevrolet pickup from Misle. Misle's petition alleged Kometscher failed to give the proper odometer recording on the odometer mileage statement in violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981 et seq. (1982). After a trial to a jury, a verdict was returned in Misle's favor for damages in the amount of $1,500. Pursuant to 15 U.S.C. § 1989 and on Misle's motion, the district court entered judgment in favor of Misle in the amount of $4,500 plus $2,450 in attorney fees. Kometscher appeals to the court.

On appeal Kometscher alleges the district court erred in conducting the trial so as not to remove the jury while Kometscher moved for dismissal at the close of Misle's case, thus requiring the trial to be held partially in whispers. Kometscher also alleges that the verdict is contrary to law and that the court erred in failing to dismiss Misle's petition after Misle rested and in failing to sustain Kometscher's motion for judgment notwithstanding the verdict. For the reasons hereafter stated, the judgment of the district court is affirmed.

The record shows that on October 14, 1983, Kometscher went to Misle's business premises for the purpose of buying a newer truck. Richard Patton, a salesman for Misle, met with Kometscher, who indicated that he was interested in purchasing

a newer truck equipped with air-conditioning. Kometscher found a truck that was of interest to him. During the course of looking for a new truck, Kometscher indicated that he wanted to trade in his current vehicle. Patton testified that Kometscher said that the vehicle intended for trade-in was a good, clean, low-mileage vehicle. Kometscher took the newer truck for a test drive. On his return the parties reached an oral agreement that Kometscher would purchase the truck if he could receive enough money for his truck on the trade-in. Patton testified that the two proceeded to Patton's office to complete the sale. Patton testified he then filled out an appraisal slip on the truck intended for trade-in. Patton further testified that when Kometscher was asked the number of miles on the truck he replied, "a little over 40,000." Patton then went out to look at Kometscher's truck and saw the number of miles as shown on the odometer was 45,701.

Larry Storjohann, Misle's truck sales manager, appraised Kometscher's truck. After test driving the proposed trade-in, Storjohann said that he would give a trade-in allowance of $2,800 that, when subtracted from the sale price of $10,080, left a balance of $7,280. This figure was brought to Kometscher, who told the salesman that he could not deal at this figure. Kometscher offered a lower overall price to take to the sales manager. Patton testified that Kometscher referred to his trade-in as having less miles on it than the vehicle he was trying to purchase. Finally, Storjohann met with Kometscher in order to reach an agreeable price. Storjohann testified that during this conversation with Kometscher, Kometscher, as a bargaining tool, repeated that he was trading up in miles. Finally, a mutually agreeable figure was reached in which Kometscher was given a trade-in allowance of $4,000. Storjohann testified that this figure was based upon the assumption that the trade-in vehicle had only 45,701 miles on it.

After an agreement was reached, Kometscher was taken to the business office, where he filled out the necessary papers to complete the sale. Included in this paperwork was the filling out of the odometer mileage statement. Kometscher admitted he signed this statement which said that to the best of his knowledge the odometer reading of 45,701 miles reflected the

actual mileage of the vehicle in question and that the odometer had not been "altered, set back, or disconnected while in my possession . . . ." The record further showed that when Kometscher purchased the truck he was trading, 3 months prior to the transaction in question, he signed an odometer mileage statement which acknowledged that at that time the vehicle had in excess of 95,000 miles on it. Kometscher also admitted on cross-examination that he had removed the odometer to clean it. Kometscher testified that after turning the odometer to clean it, he did not pay any attention to whether or not the actual reading was the same when the odometer was returned to the vehicle as it was when it was removed. Kometscher further testified that he did not tell either the salesman or the sales manager that the mileage reading did not reflect the correct mileage and that he did not feel that it was important.

At the close of the evidence, the matter was submitted to the jury. A verdict was returned in favor of Misle for damages in the amount of $1,500. Misle later filed a motion requesting the court to enter its judgment for three times the amount of actual damages and for reasonable attorney fees as determined by the court. On June 6, 1985, the judgment for $4,500 plus $2,450 attorney fees was entered.

Kometscher assigns as his first error the irregularity of the proceedings of the court, by which Kometscher was prevented from having a fair trial, and specifically refers to the court's not sending the jury out of the courtroom when Kometscher wanted to move for dismissal. Kometscher argues that at this time, as well as on several other occasions, the attorneys for the parties were called to the bench and required to speak in whispers while the jury remained in the courtroom. Kometscher's argument is without merit. The trial court has broad discretion over general conduct of the trial. *Kenyon & Larsen v. Deyle*, 205 Neb. 209, 286 N.W.2d 759 (1980); *State v. Holverson*, 130 Wis. 2d 300, 387 N.W.2d 124 (1986). Furthermore, decisions on matters relating to the conduct of the trial will not be set aside on appeal absent an abuse of the court's discretion. *Great Plains Supply Co. v. Erickson*, 398 N.W.2d 732 (N.D. 1986); *Ward v. Shipp*, 340 N.W.2d 14 (N.D. 1983). After a careful review, we find nothing in the record

before us that indicates an abuse of that discretion. It is apparent the trial was conducted so as to provide an atmosphere of fairness which best comports with substantial justice. No different procedural approach was requested by Kometscher.

Kometscher further alleges the verdict is contrary to law and that the trial court erred in failing to dismiss Misle's petition after Misle rested and in failing to sustain Kometscher's motion for judgment notwithstanding the verdict. With regard to the court's failure to sustain Kometscher's motion for judgment notwithstanding the verdict, we find no error. On such a motion the moving party is deemed to have admitted as true all material and relevant evidence which is favorable to the party against whom the motion is made. Furthermore, the party against whom the motion is directed is entitled to the benefit of all proper inferences which can be deduced from the evidence. *Havlicek v. Desai, ante* p. 222, 403 N.W.2d 386 (1987); *Bourke v. Watts*, 223 Neb. 511, 391 N.W.2d 552 (1986).

When viewed in the light most favorable to Misle, the record shows that 3 months prior to the transaction which is the subject of this litigation, Kometscher signed an odometer statement which stated the actual mileage of his vehicle to be in excess of 95,000 miles. Kometscher admitted to having turned the numbers on the odometer in an effort to clean it. Furthermore, Kometscher signed an odometer statement at the time of the purchase which showed the mileage on his vehicle to be 45,701. The record discloses that during the course of negotiations on the sale, Kometscher repeatedly mentioned that his vehicle was low mileage and that he was trading up in miles. We find the evidence sufficient to sustain the verdict. The district court did not err in failing to sustain Kometscher's motion for judgment notwithstanding the verdict.

Kometscher further alleges the court erred in failing to dismiss the case for the reason that Misle's petition fails to state a cause of action and fails to specifically set forth the applicable federal statute. Kometscher argues that to recover under the Motor Vehicle Information and Cost Savings Act, Misle must show a violation of the act coupled with intent to defraud while committing the violation. Additionally, Kometscher relies on

Neb. Rev. Stat § 25-12,104 (Reissue 1985), which requires reasonable notice be given to an adverse party, either in the pleadings or otherwise, when a party wishes to offer evidence of the law of other jurisdictions. In the case at bar, it is true that Misle's petition does not conform with this state's rules of pleading and does not set forth an allegation of Kometscher's intent to defraud. Furthermore, there is no mention of the specific section of the Motor Vehicle Information and Cost Savings Act under which any liability of the appellant would arise. However, both of these contentions must fail for the same reason. The record shows that on February 20, 1985, a pretrial conference was held. The purpose of a pretrial conference is to simplify the issues, amend the pleadings, and avoid traps and surprises at trial. *Malerbi v. Central Reserve Life, ante* p. 543, 407 N.W.2d 157 (1987). The order from the pretrial conference specifically states: "The central issue in the case is the matter of intent under the statute." The pretrial order also states that the action arises out of a violation of 15 U.S.C. §§ 1981 et seq., and particularly 15 U.S.C. § 1988, and that damages would come under 15 U.S.C. § 1989. We have held that issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. *Malerbi v. Central Reserve Life, supra; Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986). The issues set out in the pretrial order supplant the issues raised in the pleadings. Failure to object to the specification of the issues in the pretrial order waives error claimed in that regard on appeal. *Malerbi v. Central Reserve Life, supra; Little v. Gillette, ante* p. 70, 402 N.W.2d 852 (1987). The order specifically states that both counsel assented to the order. The court did not err in failing to dismiss the case. The failure of the petition to adequately state the cause of action or specifically set out the statute was remedied by the pretrial order to which both attorneys assented.

Finally, Kometscher contends that the court erred in sustaining Misle's motion in limine. The motion sought to exclude from evidence, as immaterial and irrelevant, all facts and conversation regarding Misle's subsequent sale of the vehicle traded in by Kometscher. Kometscher's contention is

without merit. It is the law in Nebraska that it is within the trial court's discretion to admit or exclude evidence, and such rulings will not be disturbed on appeal absent a showing of abuse of that discretion. *State v. Threet, ante* p. 682, 407 N.W.2d 766 (1987); *State v. Wilson, ante* p. 466, 406 N.W.2d 123 (1987). Furthermore, error may not be predicated on a ruling of the trial court unless a substantial right of the party is affected. Neb. Rev. Stat. § 27-103(1) (Reissue 1985). See, also, *Bernadt v. Suburban Air, Inc.*, 221 Neb. 537, 378 N.W.2d 852 (1985). After a careful review of the record, we find no abuse of discretion. The court's ruling on the motion in limine did not affect a substantial right of Kometscher.

In the absence of any error, the judgment of the district court is affirmed. Additionally, pursuant to 15 U.S.C. § 1989(a)(2), Kometscher is ordered to pay to Misle the sum of $1,000 for the services of appellee's attorney in this court.

AFFIRMED.

KRIVOSHA, C.J., not participating.