**IN THE COURT OF APPEALS OF IOWA**

No. 15-0232
Filed January 27, 2016


**L40 CATTLE COMPANY, L.L.C.; CURT HARTOG;
and DARLENE HARTOG,**
        Plaintiff-Appellants,

**vs.**

**PRINS INSURANCE, INC.,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for O'Brien County, Nancy L.

Whittenburg, Judge.


        L40 Cattle Company, L.L.C. and Curt Hartog appeal a district court's grant

of summary judgment to Prins Insurance, Inc.  **AFFIRMED.**


        Daniel E. DeKoter of DeKoter, Thole & Dawson, P.L.C., Sibley, for

appellants.

        Janice M. Thomas and Seth R. Delutri of Bradshaw, Fowler, Proctor

& Fairgrave, P.C., Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

An individual working for a cattle company sought workers' compensation benefits after sustaining a severe, on-the-job injury. Lacking workers' compensation insurance, the company reached a monetary settlement with the injured worker. The company thereafter sued the procurer of insurance for negligence, breach of contract, and breach of fiduciary duty in failing to ensure it retained or obtained workers' compensation coverage. This appeal is from the district court's grant of summary judgment in favor of the procurer.

## I.    *Background Facts and Proceedings*

The following facts are essentially undisputed. Curt Hartog formed L40 Cattle Company, L.L.C. to "engage in the cattle feeding business." Hartog was a majority owner of L40 as well as a separate company, Hartog Elevator, Inc. Prins Insurance and its agent procured insurance for both entities.

L40 initially obtained an insurance policy without workers' compensation coverage but later added this coverage for a single individual, who was an owner of the company. The workers' compensation application did not seek coverage for any employees of the company.

Less than a year after obtaining the coverage, L40 submitted a cancellation request. Prins complied with the request and issued a written notice of cancellation.

Unbeknownst to Prins, a number of individuals worked for and were paid by L40. One of these individuals sustained an injury that resulted in the amputation of his upper left leg. After settling with him, L40, together with Hartog

and his wife, sued Prins, alleging the company breached its contract with them by

> (a) Implementing a cancellation of coverage when doing so was in violation of a reasonable standard of care. b. Failing to advise L40 or obtain a reinstatement of worker's compensation coverage when the renewal date arrived. c. Failing to properly advise L40 of the risks and necessity of coverage for its employees.

They also alleged Prins breached a fiduciary duty for essentially the same reasons. The plaintiffs later added a negligence claim and alleged Prins was liable for failing to extend Hartog Elevator's workers' compensation policy to L40.

As noted, the district court granted summary judgment in favor of Prins. The court concluded (1) Prins fulfilled its general duty to L40, (2) Prins did not have an expanded agency relationship with L40 which would have triggered additional duties, (3) Prins was under no duty to advise L40 that it could obtain workers' compensation through Hartog Elevator's policy, (4) L40 could not "sustain an independent cause of action for breach of fiduciary duty," and (5) the Hartogs lacked standing. This appeal followed.

## II. *Summary Judgment Ruling*

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

### A. *Insurance Company's General and Expanded Duties*

L40 contends the district court erred in concluding Prins only owed a general duty of reasonable care to the company, rather than an expanded duty of

care, and the company satisfied this general duty. We are persuaded the court accurately applied the law to the essentially undisputed facts.

The court began by summarizing insurance procurers' duties to clients, duties that have expanded and contracted over time. *See Langwith v. Am. Nat'l Gen. Ins. Co.*, 793 N.W.2d 215, 222 (Iowa 2010) ("[I]t is for the fact finder to determine, based on a consideration of all the circumstances, the agreement of the parties with respect to the service to be rendered by the insurance agent."); *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 464-65 (Iowa 1984) (stating the standard principal-agent duty of insurance procurers was "to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured," and observing that an expanded duty "generally exists when the agent holds himself out as an insurance specialist, consultant or counselor and is receiving compensation for consultation and advice apart from premiums paid by the insured"). The court ended by articulating the current state of the law, which is governed by statute.

Iowa Code section 522B.11(7) (2013), provides in relevant part:

> a. Unless an insurance producer holds oneself out as an insurance specialist, consultant, or counselor and receives compensation for consultation and advice apart from commissions paid by an insurer, the duties and responsibilities of an insurance producer are limited to those duties and responsibilities set forth in *Sandbulte v. Farm Bureau [Mutual Insurance] Co.*, 343 N.W.2d 457 (Iowa 1984).

> b. The general assembly declares that the holding of *Langwith v. [American National General Insurance, Co.*, 793 N.W.2d 215] (Iowa 2010) is abrogated to the extent that it overrules *Sandbulte* and imposes higher or greater duties and responsibilities on insurance producers than those set forth in *Sandbulte.*

This legislation reaffirms an agent's general duty "to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Sandbulte*, 343 N.W.2d at 464.

Prins satisfied this general duty. L40 requested workers' compensation insurance. Prins obtained it. Later, L40 asked to cancel the policy. Prins obliged. Section 522B.11(7)(a) requires nothing more, unless Prins held itself out "as an insurance specialist, consultant, or counselor and receive[d] compensation for consultation and advice apart from commissions paid by" L40. It is undisputed that Prins did not receive any additional compensation for its services aside from the commissions. For this reason, the expanded duty exception is inapplicable.

We conclude the district court did not err in granting Prins summary judgment on L40's negligence claims.

The district court also granted Prins summary judgment on L40's breach-of-contract claim, using the same analysis. The Iowa Supreme Court has not applied section 522B.11(7) to breach-of-contract claims, but L40 does not argue application of this standard to its contract claim was erroneous. Indeed, L40 assumes the standard is one and the same for the contract and tort claims. Significantly, at least one commentator has cited *Sandbulte*—which was reaffirmed in section 522B.11(7)—in the breach-of-contract context. *See* 9 Barry Lindahl, *Iowa Practice Series*, *Iowa Civil Practice Forms* §§ 26:1, 26:2, at 1134-37 (2015 ed.). Other jurisdictions have also considered negligence and breach-of-contract actions coextensively. *See generally Polski v. Powers*, 377 N.W.2d 106, 108 (Neb. 1985) (holding insurance agent was not liable in contract or tort

for failure to advise insured to seek other or different coverage); s*ee also Schwartz v. Travelers Indem. Co.*, 740 N.E.2d 1039, 1045-47 (Mass. App. Ct. 2001) (considering *Sandbulte* in breach of contract claim against insurance broker); *Peterson v. Big Bend Ins. Agency, Inc.*, 202 P.3d 372, 377 (Wash Ct. App. 2009) ("An insured may bring an action against his insurance agent in negligence as well as contract. . . . An insurance agent assumes only the duties found in an agency relationship unless the agent assumes additional duties by contract or by holding himself or herself out as possessing an extraordinary skill."). Assuming without deciding that section 522B.11(7) applies to L40's contract claim, we conclude the district court did not err in granting summary judgment to Prins on this claim.

### B. Fiduciary Duty Claim

The district court concluded L40 could not maintain an independent breach-of-fiduciary duty claim against Prins. L40 contends this was error.

Our precedent cannot be read to foreclose an independent breach-of-fiduciary duty claim. For example, *Weltzin v. Nail*, 618 N.W.2d 293, 299 (Iowa 2000), cited by Prins, discussed breach-of-fiduciary claims in law and equity and in the context of a derivative shareholder claim. *See also Spears v. Com Link, Inc.*, No. 12-1223, 2013 WL 3457171, at *10 (Iowa Ct. App. July 10, 2013).

Other opinions are similarly inapposite. *See Clinton Land Co. v. M/S Assocs., Inc.*, 340 N.W.2d 232, 234 n.1 (Iowa 1983); *Linge v. Ralston Purina Co.*, 293 N.W.2d 191, 195-97 (Iowa 1980). In those cases, the distinction was between common law fraud and fiduciary duty claims. The opinions did not

prohibit the filing of independent breach of fiduciary duty claims against fiduciaries such as Prins.

Finally, the Iowa Supreme Court tangentially addressed a breach-of-fiduciary duty claim raised against an insurance agent in *Merriam v. Farm Bureau Insurance*, 793 N.W.2d 520, 525 n.2 (Iowa 2011). After noting that the plaintiffs raised the claim, the court concluded error was not preserved but, even if it was, the plaintiffs failed to generate an issue of material fact on the question of whether the insurer's advice was within the scope of the relationship. *Id.* The court did not hold an independent breach-of-fiduciary claim was foreclosed.

We conclude an independent breach-of-fiduciary-duty claim against an insurance company or agent is viable. This assumption does not assist L40. As discussed, Prins would have been obligated to advise L40 of the need for workers' compensation coverage and the parameters of the coverage only if it was separately paid to furnish this advice. No additional compensation was provided to Prins or its employees, aside from its commissions. This was also true in *Merriam*, rendering the advice outside the scope of the relationship. As in *Merriam*, L40's breach-of-fiduciary duty claim failed on the undisputed facts. For that reason, the district court did not err in granting summary judgment in favor of Prins.

### C. Standing

L40 contends the district court erred in concluding Curt Hartog lacked standing to bring suit against Prins.[1] The district court's conclusion was

---

[1] L40 does not challenge the district court's ruling as to Darlene Hartog. The court concluded she was not "in privity of contract or in a principal/agent relationship with

premised on general corporate law principles. *See Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 809 (Iowa 1978) ("Central to corporate law is the concept a corporation is an entity separate from its owners."); *see also Cunningham v. Kartridg Pak Co.*, 332 N.W.2d 881, 883 (Iowa 1983) ("As a matter of general corporate law, shareholders have no claim for injuries to their corporations by third parties unless within the context of a derivative action. . . . [I]n order to bring an individual cause of action for direct injuries a shareholder must show that the third-party owed him a special duty *or* that he suffered an injury separate and distinct from that suffered by the other shareholders."). The court stated,

> [W]hile Curt Hartog may have been personally economically harmed by the lack of workers' compensation insurance held by L40, Prins only owed a general duty to L40 as a corporate entity and did not owe Curt Hartog in his individual capacity any duty. As the present cause of action can and was brought in the name of the insured (L40), the Court finds under Iowa law Curt Hartog does not have standing to assert a cause of action in his individual capacity against Prins.

We discern no error in this analysis. Nor are we persuaded that Iowa Code section 522B.11(7)(e) mandates a different conclusion. The provision states, "an insurance producer owes any duties referred to in this subsection only to the policy owner, the person in privity of contract with the insurance producer, *and* the principal in the agency relationship with the producer." (Emphasis added.) Here, the principal in the agency relationship was L40, not Curt

---

Prins." The court continued, "In fact, the record reflects Darlene Hartog does not have any ownership interest in L40, and is not personally named as an insured in any L40 insurance policy."

Hartog. For that reason, we affirm the district court's dismissal of Curt Hartog.

**AFFIRMED.**

Potterfield, J., concurs; McDonald, J., concurs specially.

**MCDONALD, Judge.** (concurring specially)

I concur in the judgment.