VIRGIL L. HAMMOND AND RUTH I. HAMMOND, APPELLANTS AND CROSS-APPELLEES, V. DONALD W. STREETER, JR., DOING BUSINESS AS STREETER AVIATION, APPELLEE AND CROSS-APPELLANT.

406 N.W.2d 633

Filed May 29, 1987.   No. 85-437.

Bruce E. Sandahl of Person, Dier & Person, for appellants.

Kenneth C. Fritzler of Ross, Schroeder & Fritzler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The plaintiffs appeal an order of the district court for Buffalo County, which vacated their judgment for $7,124 obtained in a county court bench trial on their claim for breach of contract and entered judgment for $124. We affirm.

On April 13, 1983, the plaintiffs conducted an auction sale of the assets of the Hammond Flying Service, an aerial spraying business, at the Alma Municipal Airport in Harlan County, Nebraska. The defendant was the high bidder for a meter, for which he bid $110; a chemical hose, for which he bid $10; a mixing tank, for which he bid $4; and the flying service business itself, for which he bid $7,000. The flying service business was represented to include three hangars, a paid-up lease on real estate for 1983, a customer list, an agreement not to compete, runway markers, and airplane tiedowns. The defendant delivered a check for $7,124 to the clerk of the sale, but subsequently stopped payment on the check.

The plaintiffs filed suit for breach of contract, relying on Neb. U.C.C. § 2-709 (Reissue 1980) at trial as the basis for recovery. The defendant asserted the affirmative defenses of breach of warranty, misrepresentation, impossibility of performance, and failure to mitigate damages. The county court for Buffalo County entered judgment for the plaintiffs for $7,124.

On appeal the district court found that the evidence presented to the county court did not bring the measure of

damages as to the sale of the flying service within § 2-709. The district court found that the requirements of § 2-709 were not satisfied concerning the flying service because the defendant did not accept the goods and also because there was no proof that the plaintiffs had made reasonable efforts to mitigate their damages. The district court thus vacated the county court's judgment of $7,124 and entered judgment for $124, the amount that the defendant had bid for the items other than the flying service.

On appeal from the county court, the district court is to review the case for error appearing on the record. Neb. Rev. Stat. § 24-541.06 (Reissue 1985). In a law action the disposition of the trial court has the effect of a jury verdict and is not to be disturbed on appeal unless it is clearly wrong. However, when such judgment is not supported by the evidence, it is clearly wrong and must be set aside. *Chilton Accts. Rec. Mgmt. v. Project Life Min., ante* p. 482, 406 N.W.2d 133 (1987).

On appeal to this court the plaintiffs contend that the district court erred in determining that the evidence did not bring the measure of damages as to the flying service business within § 2-709 and in vacating the county court's judgment with respect to the $7,000 that the defendant bid on the business. On cross-appeal the defendant contends that the district court erred in not finding for the defendant on the additional grounds of breach of warranty, misrepresentation, and impossibility of performance.

The defendant, Donald W. Streeter, Jr., operated an aerial spraying business in Kearney and Holdrege, Nebraska, ran a flight school, and was involved in other aviation-related activities. He and Bruce Allred, who was not made a party to this action, formed Streeter Aviation for the purpose of establishing an aerial spraying operation based at the Alma Municipal Airport.

The plaintiffs, Virgil L. and Ruth I. Hammond, were partners in Hammond Flying Service, an aerial spraying business near Alma, Nebraska. The plaintiffs had run the spraying business for 19 years and decided to sell the business and various other items at an auction sale in April 1983. The sale bill for the auction described the Hammond Flying Service

as follows: "Includes: Paid up lease on property for year of 1983. (3) Hangers [sic], (1) closed, (2) open, pole and wood frame, covered with strong barn metal, runway markers and tie-downs." At the auction it was announced that the flying service business included the items described on the sale bill plus a customer list and a noncompetition agreement. The terms of the sale were cash.

The Alma Municipal Airport is located next to the Harlan County Reservoir on land leased from the Army Corps of Engineers. The lease listed on the sale bill referred to a privately-owned tract of land adjoining the airport runway. The hangars were located partially on this land and partially on land owned by the federal government. No fuel or chemicals could be stored or loaded on government land, so the leased tract of land was used for those purposes.

On the day of the sale the defendant wrote a check for $7,124 payable to "Hammond Sale." The defendant testified that he stopped payment on the check sometime between April 13 and 21, 1983, but did not remember the exact date. Payment was stopped because the defendant and Allred were concerned about various aspects of the business. The concerns were brought about when the defendant and Allred learned that the Alma Municipal Airport was scheduled to be closed in November 1983 by the Corps of Engineers and that the lease on the tract of land was only an oral agreement and, according to Virgil Hammond's testimony, would expire on May 1, 1983, and at the time of the sale the land's owner and the plaintiffs had not entered into a new lease agreement.

The plaintiffs rely on § 2-709 of the Uniform Commercial Code as their basis of recovery. Section 2-709 provides in pertinent part:

(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price

(a) of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer; and

(b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a

reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

The defendant's defense of failure to mitigate damages also relies on the U.C.C.

Neb. U.C.C. art. 2 (Reissue 1980) applies to transactions in goods. § 2-102. "Goods" are defined in § 2-105 as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (article 8) and things in action." Whether § 2-709 applies to the items involved in the present case depends on whether they are "goods." The definition of "goods," as used in article 2, stresses the element of "movability" of the item in question. *Guaranteed Foods v. Rison*, 207 Neb. 400, 299 N.W.2d 507 (1980). Because the meter, chemical hose, and mixing tank on which the defendant bid were movable at the time of their identification to the contract for sale, they clearly fall within the U.C.C.'s definition of "goods." The defendant took possession of the three items after the sale, and thus § 2-709 was properly applied to the sale of those items.

Whether article 2 of the U.C.C. was properly applied to the sale of the flying service business depends on whether such a sale is a "transaction in goods." In the present case, as is often true in the sale of a business, the sale of the Hammond Flying Service involved a mixed sale of goods, such as the runway markers, and nongoods, such as the lease on real estate. However, both parties concede and argue that the case was tried as and argued in this court as a § 2-709 case.

For that reason, we will dispose of the case on appeal on the theory on which it was presented to the trial court and to this court. In *O'Keefe Elevator v. Second Ave. Properties*, 216 Neb. 170, 173, 343 N.W.2d 54, 56 (1984), we said:

> We observe that although the contract involved is a mixed one, both for the sale of goods as defined by Neb. U.C.C. § 2-105(2) (Reissue 1980) and for services, the parties tried this case on the theory that the sales article of the Uniform Commercial Code (article 2) applies. That being the case, we make no independent analysis of the issue, and assume for the purposes of this case, without

deciding, that the contract does in fact come within the purview of the sales article of the Uniform Commercial Code, which encompasses transactions in goods. Neb. U.C.C. § 2-102 (Reissue 1980). See *Kearney Clinic Bldg. Corp. v. Weaver*, 211 Neb. 499, 319 N.W.2d 95 (1982), stating that this court will dispose of a case on appeal on the theory on which it was presented to the trial court.

Under the approach used in *O'Keefe Elevator*, it appears that the district court in the present case was correct in vacating the county court's judgment because there was no proof by the plaintiffs that reasonable efforts were made to resell the business assets at a reasonable price after the defendant failed to complete the purchase, as required by § 2-709. When the plaintiff Virgil Hammond was asked whether he had made any attempt to sell the Hammond Flying Service to anyone other than the defendant since April 13, 1983, Hammond said, "Good gracious, no." In addition, although the plaintiffs contend that the circumstances reasonably indicated that such an effort to resell would have been unavailing and resale efforts thus excused under § 2-709, the district court found that the hangars have some value, indicating that efforts to resell at least some of the business assets might not have been unavailing. Also, the district court found that acceptance was not proven. See *French v. Sotheby & Company*, 470 P.2d 318 (Okla. 1970) (to recover under § 2-709, the record must show that goods were accepted, or that they were lost after risk had passed to defendant, or that plaintiff was unable to sell them at a reasonable price).

Defendant concedes that he took possession of the meter, chemical hose, and mixing tank, for which he bid $124, and he raises no objection to that sale. Accordingly, the judgments in that amount, which were entered by both the county court and the district court, were correct.

Because we find in favor of the defendant on the issue of § 2-709, it is not necessary for us to consider his cross-appeal.

The judgment of the district court is affirmed.

AFFIRMED.