749 N.W.2d 478 (2008)
275 Neb. 788
Mary E. BROAD, Successor Personal Representative of the ESTATE OF David D. SCHEKALL, deceased, appellant,
v.
RANDY BAUER INSURANCE AGENCY, INC., and Randy S. Bauer, appellees.
No. S-06-844.
Supreme Court of Nebraska.
May 30, 2008.
*480 John F. Simmons and Steven W. Olsen, of Simmons Olsen Law Firm, P.C., Scottsbluff, for appellant.
Michael J. Javoronok, of Michael J. Javoronok Law Firm, Scottsbluff, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.

SUMMARY
The personal representative of David D. Schekall's estate appeals the district court's order granting the appellees' motion for summary judgment. David and a passenger were killed in an automobile accident. The personal representative sued Randy S. Bauer and the Randy Bauer Insurance Agency, Inc. (collectively Bauer), for breach of an agreement to procure insurance coverage for David. The personal representative alleged Bauer failed to obtain the insurance he had agreed to procure and, as a result, David's estate had to pay $165,000 to settle a suit by the passenger's estate.
The district court granted Bauer's motion for summary judgment. The court concluded David should have read his policies. According to the court, either David read the policies and was satisfied with their coverage or he did not read them. The court reasoned that Bauer was insulated from liability if David failed to read the policies.
We conclude that the threshold issue of law is whether the personal representative has stated a valid cause of action. We recognize a breach of contract action for "failure to procure" for claims against a broker acting on behalf of an insured, but not against an agent acting solely on behalf of a disclosed insurer. We also conclude there are genuine issues of material fact whether Bauer was a broker or an agent. We therefore decline to decide whether an insured's failure to read a policy insulates an insurance broker from contract liability for failure to procure requested coverage. We reverse, and remand.

BACKGROUND
David's parents, Jim and Donna Schekall, had a 9-year insurance relationship with Bauer. On December 31, 2002, Jim and Donna met with Bauer to review their insurance coverage. David also attended the meeting. David had recently moved back to Hemingford, Nebraska, to start his own farming operation. He had obtained land and cattle and needed insurance coverage.
According to Jim's affidavit, the parties agreed at the meeting that Bauer would obtain the same coverage and policies for David that he had obtained for Jim and Donnaexcept Jim and Donna would have $3 million in personal liability umbrella *481 coverage and David would have $1 million in the same coverage.
According to Bauer's affidavit, Jim and Donna told him that David needed a farm and ranch premises/personal liability policy. Bauer's affidavit also states that David told him he had homeowners and automobile insurance with an independent insurance agent. Bauer's affidavit claims David "never requested [Bauer's] advice on the adequacy of that insurance, on umbrella policies, or the adequacy of any other insurance that he had, nor did [Bauer] give such advi[c]e."
Bauer issued David a farm and ranch premises/personal liability policy, which was effective on December 31, 2002. On July 10, 2003, Bauer issued a separate "farm/ranch" policy to David because David had mortgaged farm equipment that required a different type of coverage than a farm and ranch premises/personal liability policy.
David and his passenger were killed in an automobile accident in August 2003. The passenger's estate sued David's estate. Neither the December 31, 2002, policy nor the July 10, 2003, policy provided personal liability umbrella coverage. The only available coverage was an Allied Insurance policy that provided a maximum $100,000 liability coverage. This amount was inadequate to settle the claims made by the passenger's estate. David's estate paid an additional $165,000 to settle the claim.
The December 31, 2002, and July 10, 2003, policies were attached to Bauer's affidavit. The December 31, 2002, policy expressly excludes from personal liability coverage any bodily injury arising out of the operation of a motor vehicle. The July 10, 2003, policy contains a similar exclusion from liability coverage. The parties do not know whether David read these policies.
The personal representative of David's estate sued Bauer. The amended complaint alleged Bauer "breached [an] agreement with Plaintiff to provide personal liability coverage that would have provided coverage in the case of an automobile accident."
Bauer moved for summary judgment. The trial court found that the policies were not ambiguous and that they did not provide coverage for automobiles or any umbrella protection. The court determined David had an obligation to read the policies and stated, "He either read the same and was satisfied with the coverage or did not, in which case his failure insulates the insurance agent and the agency from liability." The court granted Bauer's motion for summary judgment.

ASSIGNMENTS OF ERROR
The personal representative of David's estate assigns, restated, that the court erred in (1) determining there was no genuine issue of material fact, (2) determining that David's opportunity to read the policy insulated Bauer from liability, and (3) granting Bauer's motion for summary judgment.

STANDARD OF REVIEW
[1, 2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1] In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment is granted and give such party the benefit of all *482 reasonable inferences deducible from the evidence.[2]
[3] Whether a complaint states a cause of action is a question of law, which requires us to reach a conclusion independent of the trial court.[3]

ANALYSIS
As presented by the parties, the issue on appeal is whether an insured's failure to read an issued policy insulates an insurance agent from liability for failure to "provide" the requested coverage. But we do not reach that issue. Instead, we reverse the district court's summary judgment to resolve a factual issue.
We first identify the cause of action alleged by the personal representative: breach of contract for failure to procure insurance. We then review agency principles to determine the proper context in which a party may bring an action for breach of contract to procure insurance. We conclude that an issue of material fact exists about whether the personal representative properly stated a breach of contract claim against Bauer.

THE PERSONAL REPRESENTATIVE ASSERTS A CLAIM FOR BREACH OF CONTRACT TO PROCURE INSURANCE
Our first question concerns the personal representative's claim: The personal representative alleges Bauer's breach of contract, but what was the contract Bauer allegedly breached? The amended complaint alleges that Bauer breached an agreement "to provide personal liability coverage that would have provided coverage in the case of an automobile accident, and would have provided additional coverage to pay the wrongful death claim." (Emphasis supplied.) We do not read this as an allegation that Bauer promised David he was immediately insured for automobile accident liability, i.e., that the agreement was an oral contract of insurance.[4] Instead, we read the personal representative's complaint to allege a breach of a contract to procure the allegedly requested personal liability coverage. The personal representative specifically states in her brief that this "is an action at law against an insurance agent for failure to procure the insurance it had promised to procure."[5] We now consider whether this is a proper cause of action.

AN ACTION FOR BREACH OF CONTRACT TO PROCURE INSURANCE IS AN APPROPRIATE CAUSE OF ACTION WHEN BROUGHT AGAINST A BROKER
[4] We have recognized a negligence action for an insurance agent's failure to obtain insurance coverage: "An insurance agent who agrees to obtain insurance for another but negligently fails to do so is liable for the damage proximately caused by such negligence; the measure of damages is the amount that would have been due under the policy if it had been obtained by the agent."[6] The personal representative directs us to two cases that she claims "implicitly recognize a claim for breach of a contract to procure insurance."[7] *483 Yet, the personal representative does not direct us to any cases, nor has our research uncovered any cases, in which we expressly recognized a cause of action for breach of contract to procure insurance.
One commentator has explained, "In most jurisdictions, the cause of action for an insurance agent's failure to procure insurance may be either in contract or in tort."[8] We believe, however, that we must qualify the general rule that a plaintiff may bring an action in contract for an insurance agent's failure to procure insurance. To provide context for our qualification, we first digress and address agency principles.
[5] We have often used the term "insurance agent" loosely. And other courts often do the same. But because the term invokes agency principles, we must identify the principal for whom the insurance intermediary is an agent. "A party who negotiates an insurance contract to cover someone else's risk is acting as an agent for either the insured or the insurer."[9] Depending on whose interests the "insurance agent" is representing, he or she may be a "broker" or an "agent." A critical distinction exists:
A representative of the insured is known as an "insurance broker." A broker represents the insured by acting as a middleman between the insured and the insurer, soliciting insurance from the public under no employment from any special company, and, upon securing an order, places it with a company selected by the insured, or if the insured has no preference, with a company selected by the broker. In contrast, an "insurance agent" represents an insurer under an exclusive employment agreement by the insurance company.[10]
Whether an insurance intermediary is an agent of the insured or the insurer is generally a question of fact.[11]
Having recognized the distinction between a "broker" (the insured's agent) and an "agent" (the insurer's agent), we consider how agency principles affect the intermediary's contract liability.
[6-8] When a party contracts with a known agent acting within the scope of his or her authority for a disclosed principal, the contract is that of the principal only and the agent cannot be held personally liable thereon, unless the agent purports to bind himself or herself, or has otherwise bound himself or herself, to performance of the contract.[12] Commentators have recognized this principle in the insurance context:
In the absence of an express undertaking of a broader duty, an agent of the insurer who acts in an authorized, lawful manner is not personally liable to the insured for his or her acts or for any contracts which the agent makes on behalf *484 of his or her disclosed principal. . . .[13]
We conclude that an action for breach of contract to procure insurance is inappropriate when brought against an insurer's agent who, within the scope of his or her authority, contracted on behalf of the disclosed principal and did not bind himself or herself personally. Specifically, an insurance agent's mere promise to procure requested coverage through his sole principal is insufficient to create the agent's personal liability because that promise is clearly within the scope of the agent's authority.[14] However, we will recognize a cause of action against a broker for breach of contract to procure insurance because the broker is the insured's agent.

A QUESTION OF FACT REMAINS REGARDING WHETHER THE PERSONAL REPRESENTATIVE'S CLAIM WAS A VALID CLAIM AGAINST BAUER
[9] In her amended complaint, the personal representative alleges that Bauer's "business is to market, advise, recommend, and sell policies of insurance and coverages through State Farm Insurance Company." This statement may suggest that Bauer was an agent solely for State Farm Insurance Company, acting within the scope of his authority, when he allegedly agreed to procure personal liability coverage for David. If true, the personal representative's breach of contract claim against Bauer does not state a valid cause of action. The pleadings fail to show that Bauer expressly agreed to undertake a broader duty that would have rendered him personally liable on that agreement.[15] The personal representative's statement in the complaint, however, is the extent of information in the record regarding Bauer's relationship to an insurer. An issue of material fact remains regarding whether Bauer was solely the insurer's agent or an independent broker. As such, we cannot determine whether the personal representative properly stated a claim against Bauer.

REVERSE AND REMAND TO RESOLVE THIS FACTUAL ISSUE
If Bauer was an agent solely for State Farm Insurance Company, and was acting within the scope of his authority when he allegedly contracted with David, the personal representative's breach of contract action against Bauer would fail for that reason alone. Because this threshold issue of fact has not been resolved, we decline to decide whether an insured's failure to read a policy would be a valid defense in a contract action for a broker's failure to procure requested coverage. We reverse the district court's summary judgment and remand the cause to resolve this factual issue. If the facts show Bauer was acting as a broker, the parties can present arguments to the district court regarding the effects of David's alleged failure to read the policy.

CONCLUSION
We decline to recognize a cause of action for an insured's allegations against an insurance agent acting solely on behalf of a disclosed insurer that the agent breached an agreement to procure the insured's requested coverage. We do, however, recognize such a claim against an insurance broker acting on behalf of the insured.
*485 We also decline to decide whether an insured's failure to read a policy is a valid defense in a contract action against a broker for failure to procure requested insurance coverage. A threshold factual issue regarding the agency relationship has not been resolved. Therefore, we reverse the district court's summary judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Erickson v. U-Haul Internat., 274 Neb. 236, 738 N.W.2d 453 (2007).
[2] Id.
[3] See Trosper v. Bag 'N Save, 273 Neb. 855, 734 N.W.2d 704 (2007).
[4] See, Continental Cas. Co. v. Calinger, 265 Neb. 557, 657 N.W.2d 925 (2003); Rodine v. Iowa Home Mutual Cas. Co., 171 Neb. 263, 106 N.W.2d 391 (1960); Whitehall v. Commonwealth Casualty Co., 125 Neb. 16, 248 N.W. 692 (1933).
[5] Brief for appellant at 1.
[6] Dahlke v. John F. Zimmer Ins. Agency, 245 Neb. 800, 803, 515 N.W.2d 767, 770 (1994). Accord Flamme v. Wolf Ins. Agency, 239 Neb. 465, 476 N.W.2d 802 (1991).
[7] Brief for appellant at 11. See, Hobbs v. Midwest Ins., Inc., 253 Neb. 278, 570 N.W.2d 525 (1997); Moore v. Hartford Fire Ins. Co., 240 Neb. 195, 481 N.W.2d 196 (1992).
[8] 12 Eric Mills Holmes, Holmes' Appleman on Insurance 2d § 83.4 at 125 (1999). See, also, 43 Am.Jur.2d Insurance § 163 (2003).
[9] 3 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 45:1 at 45-2 (2007).
[10] Id. at 45-2 to 45-3. See, also, Moore, supra note 7 (quoting 3 George J. Couch, Cyclopedia of Insurance Law § 25:93 (rev.2d ed.1984)).
[11] Moore, supra note 7.
[12] See, Hecker v. Ravenna Bank, 237 Neb. 810, 468 N.W.2d 88 (1991); Coffey v. Mann, 7 Neb.App. 805, 585 N.W.2d 518 (1998).
[13] 4 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 55:1 at 55-3 (2005). See, also, 7 Eric Mills Holmes, Holmes' Appleman on Insurance 2d § 44.7 (1998).
[14] See Gieseke v. Hardware Dealers Mut. Fire Ins. Co., 46 Ill.App.2d 131, 195 N.E.2d 32 (1963).
[15] See id.