Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/01/2018 09:10 AM CDT

Scott and Karie Hansmeier, appellants,
v. Merva Hansmeier and Western
Insurors-Platte Valley
Agency, appellees.

___ N.W.2d ___

Filed April 10, 2018.    No. A-17-115.

1. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

3. **Negligence: Proof.** To prevail in any negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages.

4. **Insurance: Agents.** An insurance agent has no duty to anticipate what coverage an insured should have.

5. ____: ____. When an insured asks an insurance agent to procure insurance, the insured has a duty to advise the insurance agent as to the desired insurance.

6. **Insurance: Contracts: Breach of Contract: Negligence.** Absent evidence that an insurance agent has agreed to provide advice or the insured was reasonably led by the agent to believe he would receive advice, the failure to volunteer information does not constitute either negligence or breach of contract for which an insurance agent must answer in damages.

7. **Insurance: Agents.** It would be an unreasonable burden to impose upon insurance agents a duty to anticipate what coverage an individual

should have, absent the insured's requesting coverage in at least a general way.

8. **Insurance: Agents: Brokers.** If an insurance agent or broker undertakes to advise an insured, the agent or broker must use reasonable care to provide accurate information.

9. **Insurance: Agents: Brokers: Liability: Negligence.** An insurance agent or broker may be held liable for a negligent misrepresentation made to an insured.

10. **Insurance: Agents: Liability: Negligence: Proof.** In order for an insurance agent to be liable for negligent misrepresentation, the client must show that the insurance agent supplied the client with false information upon which the client reasonably relied and that the agent failed to exercise reasonable care or competence in communicating such information to the client.

Appeal from the District Court for Keith County: RICHARD A. BIRCH, Judge. Affirmed.

Brock D. Wurl, of Norman, Paloucek, Herman & Wurl, for appellants.

Sean A. Minahan and Patrick G. Vipond, of Lamson, Dugan & Murray, L.L.P., for appellees.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Scott and Karie Hansmeier filed a negligence claim against Merva Hansmeier and her employer, Western Insurors-Platte Valley Agency (Western Insurors), claiming that Merva improperly advised them regarding the need to purchase workers' compensation insurance for their farm and ranch operation. The district court for Keith County granted Merva and Western Insurors' motion for summary judgment. Scott and Karie appeal, claiming that there are genuine issues of material fact that prevent summary judgment. We affirm.

## FACTUAL BACKGROUND

Scott and his wife, Karie, live in Ogallala, Nebraska. Scott and Karie own and operate a farm and ranch; they also

rent farmland and pastureland. Scott and his father are each sole proprietors of their own farming operations, but work together and are "basically 50/50 partners." Scott said he does "all [of] the work," some of the farmland is owned by his father, they each own their own machinery but use each other's as needed, and they crop share. In 2012, Scott had two full-time employees, including Mike Heble, and Scott's father had one full-time employee. Scott said he paid Heble, Scott's father paid his own employee, and they both paid the third employee; "[t]hat's how we get 50/50 out of the three guys."

Merva is Scott's aunt and was his insurance agent in 2012, and for several years prior. In 2012, Scott got all of his insurance through Merva, including his farm policy, homeowner's insurance, auto insurance, and health insurance. Scott did not provide any insurance for his employees.

On February 2, 2012, Heble injured his thumb in an auger while loading grain out of a bin and into a truck, and his thumb had to be "stitched . . . back on." When Scott tried to file a farm liability claim with his insurance company, he learned that Heble's injury was not covered.

In 2014, Heble filed a lawsuit against Scott, but that workers' compensation claim was eventually settled for an amount that included medical bills and a disability payment. Scott and his father split the costs of the settlement. The amount of the settlement was not put into evidence at the summary judgment hearing. The date of the settlement is not evident from our record; but it appears to have been after January 23, 2015, based on the allegations in Scott and Karie's complaint in the current case discussed below.

## PROCEDURAL BACKGROUND

On January 23, 2015, Scott and Karie filed a complaint against Merva and her employer, Western Insurors. Scott and Karie alleged that Merva and Western Insurors were negligent in advising them regarding the need to purchase workers' compensation insurance and that as a result, Scott and Karie

incurred costs defending a lawsuit brought by their employee, Heble, and they might also be liable for any judgment arising out of that lawsuit.

In their answer filed on March 24, 2015, Merva and Western Insurors denied the allegations made by Scott and Karie. Merva and Western Insurors asserted affirmative defenses, including contributory negligence, assumption of risk, estoppel, laches, waiver, and release.

On September 21, 2016, Merva and Western Insurors filed a motion for summary judgment, alleging that there were no genuine issues as to any material fact and that they were entitled to judgment as a matter of law.

The summary judgment hearing was held on November 18, 2016. The depositions of Scott and Merva were received into evidence at the hearing. Also received into evidence was a letter dated February 28, 2012, from Farmers Mutual of Nebraska to Scott and Karie regarding a claim under their insurance policy for Heble's accident. (In Scott's deposition, he refers to a "farm policy," and the letter from Farmers Mutual of Nebraska references a section of the policy related to "Farm and Personal Liability Protection," so references to this policy relate to liability coverage.)

In his deposition, Scott testified to the following: In 2012 and prior, Scott met with Merva on an "as needed basis" to discuss his insurance needs. They never talked about insurance for his employees. He initially said he never asked her about workers' compensation insurance, but then said he had. Scott knew prior to 2012 that he did not have to have workers' compensation insurance "on an agricultural person." He could not remember if he ever discussed with Merva that he did not have to have any workers' compensation insurance.

Scott testified that prior to February 2, 2012, Heble had previously been injured on the job two times. Scott paid Heble's medical expenses for the first injury because Heble did not have the money. But Scott did not pay the medical bills the second time. He said that Heble knew he did not have

workers' compensation insurance and that he was on his own for health insurance.

According to Scott, on February 2, 2012, Heble injured his thumb in an auger while loading grain out of a bin and into a truck, and his thumb had to be "stitched . . . back on." When Scott tried to file a farm liability claim with his insurance company, Merva told him Heble's injury was not covered. At some point after that, Scott learned for the first time that he was supposed to have provided his employees with notice that he was not providing workers' compensation insurance. Scott said that at some point Merva told him "this is a bad deal, not sure how it's all going to go out, but . . . if you end up getting sued, you're going to turn around and end up suing me on my errs [sic] and omissions."

Scott testified that Heble did file a workers' compensation lawsuit against him, but that the claim has since settled for an amount which included medical bills and a disability payment. Scott could not remember the amount of the settlement, but he and his father split the settlement costs.

Scott stated that prior to 2012, Merva had never told Scott that the "blanket" farm policy did not cover workers' compensation; and Scott acknowledged that he had never asked her if the liability portion of the policy covered injuries to his employees. Scott said that he had never read his policy "[f]rom front to back" and that he had not read the exclusion portions of his policy.

The letter dated February 28, 2012, from Farmers Mutual of Nebraska to Scott and Karie regarding the claim under their policy for Heble's accident, sets forth provisions of Neb. Rev. Stat. § 48-106 (Reissue 2010) regarding workers' compensation and includes the relevant provision from Scott and Karie's policy. The letter states that Scott and Karie had not been compliant with § 48-106(7), which provides that if an employer is exempt from the Nebraska Workers' Compensation Act by the subsection regarding services performed by an employee of an agricultural operation, then the employer must provide all

unrelated employees with written notice that the employer does not provide workers' compensation coverage, and the employee must sign the notice. Further, the letter notes that § 48-106(7) states that failure to provide the required notice subjects the employer to inclusion in the Nebraska Workers' Compensation Act, which requires an employer to carry a policy of workers' compensation. The letter then addresses the relevant provision from Scott and Karie's policy and the effect of their noncompliance with § 48-106(7). According to the letter:

> The policy states, under Section VI - Farm and Personal Liability Protection; Exclusions Applying to Section VI:
>
> ". . . **we** do not cover . . .
>
> "9. **Bodily injury** to a person if an **insured person** has or is required to have a policy providing workers' compensation, nonoccupational disease or occupational disease benefits covering the **bodily injury**."
>
> Because you did not comply with the Nebraska Workers' Compensation statute §48-106(7), this exclusion for coverage may apply to this accident.

(Emphasis in original.)

In her deposition, Merva testified to the following: In 2012, she knew about Scott's farming and ranching operation and that he had employees. Prior to 2012, she had multiple conversations with Scott about workers' compensation insurance. Merva told Scott they offered workers' compensation insurance and that she would be "happy" to get him a quote. When asked if she recommended Scott purchase the insurance, Merva said, "If the fact of telling him to protect his employees, that he probably should think about Work Comp., that's probably what I told him." And that "he, in my book, he should have it; but I can't tell somebody what they have to have." Merva said, "I did recommend that he had work — that he purchase it; but he told me it was too expensive. He told me that he doesn't have to have it by law. I told him that was true." When asked if, prior to 2012, she told Scott that if he was not going to carry workers' compensation insurance, that he needed to

have a waiver signed by his employees, Merva said, "No." When asked if she was aware that there was a waiver that Scott would need to have signed, Merva said, "No." She did not learn about the required waiver until after Heble's February 2012 accident.

Scott and Karie argued there were three claims: (1) They were instructed they were not required to purchase workers' compensation insurance, (2) they were never advised that workers' compensation insurance was available or necessary to cover their employees, and (3) Merva and Western Insurors failed to properly advise them as to their insurance needs. "It's basically an . . . errors and omissions against the agents claiming it [sic] didn't tell us we needed workers' compensation. Or if you did tell us, you didn't tell us anything about the notice requirement."

Merva and Western Insurors argued that Nebraska law is "pretty clear" that an independent insurance agent has no duty to advise an insured as to their insurance needs. They further argued that even if Merva tried to encourage workers' compensation insurance, Scott did not rely on that information.

In an order filed on January 10, 2017, the district court sustained Merva and Western Insurors' motion for summary judgment. The court found:

> To the extent Scott and Merva have a different recollection of their communications, that difference does not affect the result in this case and therefore is not material. There is no evidence from which it can be concluded that [Scott and Karie] requested workers['] compensation insurance and the policy they obtained unambiguously did not provide such coverage. The evidence is equally clear that [Scott and Karie] never asked [Merva and/or Western Insurors] for help or advice on how to exclude their employees from such coverage.

The court said the law is clear that an insurance agent has no duty to anticipate what coverage an insured should have. The court also noted the law requires that in order for an insurance

agent to be liable for negligent misrepresentation, a plaintiff must prove the agent provided him with false information upon which he reasonably relied and must prove the agent failed to exercise reasonable care or competence in communicating such information to the plaintiff. The court found that "the evidence is uncontradicted that what Merva told Scott about workers['] compensation coverage was accurate." The court stated that "[t]he law is also clear that she does not have a duty to provide him with unsolicited advice." Having found no material fact in dispute, the court granted Merva and Western Insurors' motion for summary judgment and dismissed Scott and Karie's complaint with prejudice.

Scott and Karie now appeal.

## ASSIGNMENTS OF ERROR

Scott and Karie assign that the district court erred in (1) sustaining Merva and Western Insurors' motion for summary judgment and dismissing Scott and Karie's case and (2) determining that this was a case involving anticipation of coverage, rather than a professional negligence case where an insurance agent provided incorrect and incomplete advice to her client.

## STANDARD OF REVIEW

[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Walters v. Sporer*, 298 Neb. 536, 905 N.W.2d 70 (2017). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## ANALYSIS

In Scott and Karie's assignments of error and at oral argument, they claimed this is a professional negligence case.

However, as noted by Merva and Western Insurors' counsel at oral argument, Nebraska case law has never determined that an insurance agent is a "professional" for purposes of professional negligence actions under Neb. Rev. Stat. § 25-222 (Reissue 2016) (2-year statute of limitations for professional negligence actions). See *Motor Club Ins. Assn. v. Fillman*, 5 Neb. App. 931, 936, 568 N.W.2d 259, 263-64 (1997) (after setting forth description of "profession," court stated that "[i]t would seem that insurance agents do not fall within the statutory or case law definition of 'professionals' for purposes of § 25-222"; but finding it was not necessary to decide issue in that case). Furthermore, any professional negligence claim against Merva and Western Insurors would be barred by the 2-year statute of limitations set forth in § 25-222. Accordingly, Scott and Karie's claims against Merva and Western Insurors can only be for general negligence or negligent misrepresentation, and we address each below.

Scott and Karie primarily argue that there are material issues of fact in dispute which should prevent summary judgment. However, before considering the facts discernible from the record, we first consider the applicable law. Relevant to this case, § 48-106 provides:

> (2) The [Nebraska Workers' Compensation Act] shall not apply to:
>
> . . . .
>
> (d) Service performed by a worker when performed for an employer who is engaged in an agricultural operation and employs unrelated employees unless such service is performed for an employer who during any calendar year employs ten or more unrelated, full-time employees[.]
>
> . . . .
>
> (6) An employer who is exempt from the act under subsection (2) of this section may elect to bring the employees of such employer under the act. Such election is made by the employer obtaining a policy of workers' compensation insurance covering such employees. . . .

(7) Every employer exempted under subdivision (2)(d) of this section who does not elect to provide workers' compensation insurance under subsection (6) of this section shall give all unrelated employees at the time of hiring or at any time more than thirty calendar days prior to the time of injury the following written notice which shall be signed by the unrelated employee and retained by the employer: "In this employment you will not be covered by the Nebraska Workers' Compensation Act and you will not be compensated under the act if you are injured on the job or suffer an occupational disease. You should plan accordingly." Failure to provide the notice required by this subsection subjects an employer to liability under and inclusion in the act for any unrelated employee to whom such notice was not given.

The evidence establishes that Scott knew he was not providing workers' compensation insurance to his employees. Scott testified that prior to February 2, 2012, Heble had previously been injured on the job two times. Scott paid Heble's medical expenses for the first injury, but he did not pay his medical bills the second time. Scott said that Heble knew he did not have workers' compensation insurance and that he was on his own for health insurance. Further, Scott initially said he never asked Merva about workers' compensation insurance, but he then said he had. Also, by his own testimony, Scott knew prior to 2012 that he did not have to have workers' compensation insurance "on an agricultural person." So the issue is not about whether he had to have workers' compensation insurance or should have been advised to have it; rather, this case turns on whether an insurance agent has an affirmative duty to tell an employer about the written notice and signature provisions contained in § 48-106. Merva and Western Insurors argue they had no duty to advise Scott and Karie as to the steps necessary to exclude their employees from the workers' compensation requirement. Based upon the facts viewed most favorably to Scott and Karie in this case, we agree.

[3] To prevail in any negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages. *Lewison v. Renner*, 298 Neb. 654, 905 N.W.2d 540 (2018). In their complaint and at the summary judgment hearing, Scott and Karie alleged, in part, that Merva and Western Insurors never advised them that workers' compensation was available or necessary to cover their employees.

[4,5] The Nebraska Supreme Court has stated that an insurance agent has no duty to anticipate what coverage an insured should have. *Dahlke v. John F. Zimmer Ins. Agency*, 245 Neb. 800, 515 N.W.2d 767 (1994). Rather, when an insured asks an insurance agent to procure insurance, the insured has a duty to advise the insurance agent as to the desired insurance. *Id*.

[6,7] While it may be good business for an insurance agent to make such suggestions, absent evidence that an insurance agent has agreed to provide advice or the insured was reasonably led by the agent to believe he would receive advice, the failure to volunteer information does not constitute either negligence or breach of contract for which an insurance agent must answer in damages. *Polski v. Powers*, 221 Neb. 361, 377 N.W.2d 106 (1985) (although agent may have been aware that clients had built new building and were keeping hogs in building, he had no knowledge that they wished to change their insurance coverage or to obtain other or different coverage). "[I]t would be an unreasonable burden to impose upon insurance agents a duty to anticipate what coverage an individual should have, absent the insured's requesting coverage in at least a general way." *Id*. at 364, 377 N.W.2d at 108. See, also, *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991) (no evidence that clients requested underinsured motorist coverage over and above someone else's liability insurance or that agent agreed to obtain such coverage; therefore, agent and his agency could not be held liable for failing to obtain such coverage).

As well-stated by the district court in this case:

> If it is an unreasonable burden to require insurance agents to anticipate what coverage an individual should have absent the insured's request, it would be an equally unreasonable burden to require an insurance agent to anticipate what steps the insured should take to not have the coverage he has already told the agent he does not want.

Because Merva had no duty to advise Scott and Karie that workers' compensation insurance was available or necessary, their negligence action fails as a matter of law. Further, as noted previously, Scott testified as to his own understanding that workers' compensation insurance was not required "on an agricultural person."

Scott and Karie also raise a negligent misrepresentation claim, alleging that they were instructed they were not required to purchase a workers' compensation policy and that they relied on that advice.

[8] A negligent misrepresentation cause of action does not require a request to obtain certain coverage. *Flamme, supra*. If an insurance agent or broker undertakes to advise an insured, the agent or broker must use reasonable care to provide accurate information. *Id*. The Supreme Court in *Flamme* cited to *Trotter v. State Farm*, 297 S.C. 465, 377 S.E.2d 343 (S.C. App. 1988), for the foregoing proposition of law.

In *Trotter*, the client was a business owner who contacted an insurance agent to obtain "'full protection'" on a work truck. 297 S.C. at 469, 377 S.E.2d at 346. The client filled out an application and explained about his business, his employees, and how many miles the truck would be driven. The agent wrote a commercial policy on the client's truck and a personal policy on his other vehicles. The commercial policy included a standard exclusion for any injury to an "'employee of the insured arising out of his or her employment.'" *Id.* The agent neither reviewed the policy with the client, told him about the exclusion, discussed other types of insurance, nor asked

whether the client needed workers' compensation insurance. The client, likewise, neither asked the agent to assess his insurance needs nor inquired about other types of insurance. The client did not communicate a desire for workers' compensation or any other insurance. Their conversation was confined to the procurement of insurance on his vehicles.

Later, one of the client's employees in *Trotter* was injured in an accident while riding in the work truck. The insurance company wrote the client a letter denying coverage for the employee's injuries due to the exclusion. Until the client received the letter, he was unaware of the exclusion, as he had not read his policy. The employee sued the client and was eventually awarded a judgment for his injuries.

The client in *Trotter* then brought suit against the agent and the insurance company, alleging, in part, that they negligently failed to advise him of an exclusion in his motor vehicle insurance policy. A jury verdict was entered for the client. The South Carolina Court of Appeals reversed, holding that the agent and insurance company were under no duty to advise the client of the employee exclusion in his policy or to advise him that he needed workers' compensation insurance. The court also held that the client failed to prove the agent undertook to advise the client either expressly or impliedly. As to an implied undertaking, there was no evidence that (1) the agent received consideration beyond a mere payment of the premium, (2) the insured made a clear request for advice, or (3) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on.

Here, as in *Trotter, supra*, there is no evidence that Merva received consideration beyond the payment of the premium. And there was no evidence that Scott and Karie made a clear request for advice. While there was a course of dealing over an extended period of time in this case, and Merva stated that she did recommend workers' compensation insurance to Scott, there is no evidence that Merva's advice was being relied

upon by Scott. In fact, Merva testified that Scott declined the workers' compensation insurance, because it was too expensive, and told her that, by law, he did not have to have workers' compensation insurance. And Scott testified that he knew prior to 2012 that he "didn't have to have workers' compensation on an agricultural person."

[9,10] An insurance agent or broker may be held liable for a negligent misrepresentation made to an insured. *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991). In order for an insurance agent to be liable for negligent misrepresentation, the client must show that the insurance agent supplied the client with false information upon which the client reasonably relied and that the agent failed to exercise reasonable care or competence in communicating such information to the client. See *Hobbs v. Midwest Ins., Inc.*, 253 Neb. 278, 570 N.W.2d 525 (1997).

In order to be liable for negligent misrepresentation, Merva must have given Scott and Karie false information, and there is no indication that she did so. Scott told Merva that, by law, he did not have to have workers' compensation insurance, and she told him that that was true. Her agreement that Scott's assessment of the law was true did not constitute an instruction that he should not purchase a workers' compensation policy. There is no evidence that Merva provided Scott with false information; and for that reason alone, any negligent misrepresentation claim fails. Additionally, because Scott knew prior to 2012 that he did not have to have workers' compensation insurance "on an agricultural person," he did not reasonably rely on any information supplied by Merva; this is another reason why any negligent misrepresentation claim fails.

Based on the record before us, even when considering the facts most favorable to Scott and Karie, it appears the parties discussed workers' compensation insurance and Scott opted to not purchase it because it was too expensive. The record shows Scott knew he did not need to carry workers' compensation insurance; he just did not know about the notice

and signature requirements contained in § 48-106(7). When Merva agreed with Scott that he was not required to carry workers' compensation insurance, it was not her responsibility to further inform Scott that a workers' compensation statute set forth specific steps to be taken when an exempt employer chooses not to offer workers' compensation insurance. As aptly noted by Merva and Western Insurors' counsel at oral argument, the Nebraska Workers' Compensation Act governs employers, not insurance agents. The district court was correct in stating that to the extent Scott and Merva have a different recollection of their communications, that difference does not affect the result in this case and is therefore not material. Any claim of negligence or negligent misrepresentation fails as a matter of law.

## CONCLUSION

For the reasons stated above, we affirm the decision of the district court granting Merva and Western Insurors' motion for summary judgment.

AFFIRMED.