Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/05/2020 08:09 AM CDT

Jerald Merrick, as assignee of Western Hay
Services, Inc., appellant, v. Fischer, Rounds &
Associates, Inc., doing business as Quality
Truck Insurance, and Great West
Casualty Company, appellees.

___ N.W.2d ___

Filed March 13, 2020.    No. S-18-1173.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **____: ____.** In reviewing a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

3. **Insurance: Contracts: Appeal and Error.** The interpretation of an insurance policy presents a question of law that an appellate court decides independently of the trial court.

4. **Insurance: Agents: Brokers: Negligence: Proximate Cause: Liability: Damages.** An insurance agent or broker who agrees to obtain insurance for another but negligently fails to do so is liable for the damage proximately caused by such negligence.

5. **Insurance: Agents.** When an insured asks an insurance agent to procure insurance, the insured has a duty to advise the insurance agent as to the desired insurance.

6. **____: ____.** An insurance agent has no duty to anticipate what coverage an insured should have.

7. **____: ____.** It is the duty of an insured to advise the agent as to the insurance he wants, including the limits of the policy to be issued.

8. **Insurance: Brokers: Negligence: Proximate Cause: Liability: Damages.** A broker who agrees to obtain insurance coverage for another but fails to do so is liable for damage proximately caused by such negligence, including the amount that would have been due under such policy if it had been obtained.

9. **Insurance: Agents: Brokers.** If an insurance agent or broker undertakes to advise an insured, the agent or broker must use reasonable care to provide accurate information.

10. **Insurance: Agents: Brokers: Contracts: Breach of Contract: Negligence.** Absent evidence that an insurance agent or broker has agreed to provide advice or the insured was reasonably led by the agent to believe he would receive advice, the failure to volunteer information does not constitute either negligence or breach of contract for which an insurance agent or broker must answer in damages.

11. **Insurance: Contracts.** A court construes insurance contracts like other contracts, according to the meaning of the terms that the parties have used. When the terms of an insurance contract are clear, a court gives them their plain and ordinary meaning as a reasonable person in the insured's position would understand them.

12. **Insurance: Contracts: Liability.** Whether an insurer has a duty to indemnify and defend an insured depends upon whether the insured's claimed occurrence falls within the terms of the insurer's coverage as expressed in the policy.

13. **Insurance: Contracts: Liability: Damages.** The insurer has a duty to indemnify an insured who becomes legally liable to pay damages for a covered occurrence.

14. **Insurance: Liability.** An insurer's duty to defend is broader than the duty to indemnify.

15. ____: ____. An insurer has a duty to defend if (1) the allegations of the complaint, if true, would obligate the insurer to indemnify, or (2) a reasonable investigation of the facts by the insurer would or does disclose facts that would obligate the insurer to indemnify.

16. ____: ____. An insurer has a duty to defend its insured whenever it ascertains facts that give rise to potential liability under the policy. Conversely, an insurer is not bound to defend a suit if the pleadings and facts ascertained by the insurer show the insurer has no potential liability.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Michael W. Meister for appellant.

Sean A. Minahan and Patrick G. Vipond, of Lamson, Dugan & Murray, L.L.P., for appellee Fischer, Rounds & Associates, Inc.

Robert S. Keith and Alexis M. Wright, of Engles, Ketcham, Olson & Keith, P.C., for appellee Great West Casualty Company.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Jerald Merrick was injured in a truck accident in the course and scope of his employment. Merrick reached a settlement with his employer and received an assignment of rights against his employer's insurance broker and insurer. Merrick filed this action claiming that the broker had a duty to advise Merrick's employer to obtain workers' compensation insurance and that the insurer had a duty to defend the employer in the underlying action. The district court for Scotts Bluff County granted summary judgment in favor of the broker and insurer. We affirm.

BACKGROUND

Western Hay Services, Inc. (Western Hay), is a company located in Morrill, Nebraska, that buys and sells hay and alfalfa and delivers the hay and alfalfa to feedlots and dairies in Colorado and Texas. During Western Hay's first 4 years, owner Johnny Hill drove one truck and did not have employees. Hill subsequently added a second truck and, in 2009, hired Merrick as a truckdriver.

Since its inception, Western Hay has purchased insurance through an insurance broker, Fischer, Rounds & Associates, Inc., doing business as Quality Truck Insurance (Fischer). Great West Casualty Company (Great West) issued Western Hay a commercial lines insurance policy, effective from September 1, 2008, to September 1, 2009, which provided three different forms of coverage: commercial auto coverage,

commercial inland marine coverage, and commercial general liability coverage. Western Hay did not have workers' compensation insurance.

The commercial auto policy states that Great West will "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" The policy contains an exclusion entitled "Workers Compensation and Similar Laws," which states that "[t]his insurance does not apply to . . . [a]ny obligation for which any 'insured' or any 'insured's' insurer may be held liable under any workers compensation . . . law or any similar law." The policy also contains an exclusion entitled "Employee Indemnification and Employer's Liability" which states that the insurance does not apply to "'[b]odily injury'" to an "'employee' of any 'insured' arising out of and in the course of . . . [e]mployment by any 'insured.'"

The commercial inland marine policy states that Great West will pay sums "because of 'loss' to 'covered property' while in your custody or control in the ordinary course of transit for which you are legally liable as a 'trucker.'"

Under the commercial general liability coverage provisions, "Coverage A" regarding "Bodily Injury and Property Damage Liability" states that Great West will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies." Coverage A contains exclusions equivalent to the workers' compensation and employer's liability exclusions in the commercial auto coverage provisions discussed above. In addition, Coverage A contains an exclusion for "'[b]odily injury'" arising out of ownership, maintenance, use, or entrustment to others of any "'auto.'" "Coverage C" regarding "Medical Expenses" states that Great West will pay medical expenses for "'bodily injury'" caused by an accident "[b]ecause of your operations." Coverage C contains all exclusions provided within Coverage A.

Hill's daughter, Tracie Margheim, was responsible for handling Western Hay's insurance needs. Margheim spoke with an insurance agent with Fischer on a yearly basis prior to renewal of Western Hay's insurance and on occasion to increase the insurance for special cargo trips. In August 2008, a Fischer insurance agent called Margheim to discuss the annual renewal. Upon speaking with Margheim, the insurance agent completed a renewal checklist which included question 10: "Is work comp needed?" The agent answered question 10 as "does not have," because Western Hay had elected not to purchase workers' compensation insurance. Thereafter, a Fischer insurance agent spoke with Margheim, confirmed the information on the renewal checklist, and submitted the information for a quote.

In February 2009, Margheim contacted Fischer and requested that workers' compensation coverage be added to Western Hay's insurance. Fischer's agent asked Margheim to provide Western Hay's payroll records in order to obtain a quote for the new workers' compensation coverage. Margheim provided Fischer with Western Hay's payroll information on April 1.

The day prior, March 31, 2009, Merrick was injured in a truck accident while in the course and scope of his employment with Western Hay. Margheim notified Great West of the claim on that date. On April 1 and again on April 6, Great West spoke with Margheim and advised that Western Hay did not have workers' compensation, personal injury, or auto medical insurance under the commercial lines policy. In a May 13 letter, Great West advised Western Hay that all liability claims had been paid for a total loss amount of $600 and that the file was closed. Great West later advised Western Hay that it would continue its investigation of the claim and assessment of coverage under a full reservation of rights. Great West indicated that it would consider all additional information Western Hay may provide and, if warranted, reconsider its coverage position.

In 2012, Merrick filed a negligence action against Western Hay in the district court for Scotts Bluff County alleging he was injured in the truck accident and had incurred $309,154.10 in medical expenses as a result of his injuries. Merrick claimed that Western Hay was negligent for requiring him to drive during a high-wind warning and failing to carry workers' compensation insurance. Merrick alleged that Western Hay was required to carry workers' compensation insurance pursuant to Neb. Rev. Stat. § 48-106 (Reissue 2010) and that such insurance would have provided coverage for his injuries. Fischer was not notified of the lawsuit or asked to indemnify or defend Western Hay. Western Hay requested a defense and indemnity from Great West. After reviewing the allegations in the complaint, Great West sent a letter to Western Hay denying the request, indicating that the claim was not covered because the policy did not provide workers' compensation coverage, coverage for an injury to an employee of the insured, or coverage for potential liability for failing to provide workers' compensation benefits.

In February 2016, the district court entered a stipulated judgment in favor of Merrick and against Western Hay in the amount of $800,000. As part of the settlement, Western Hay assigned its claims against Fischer and Great West to Merrick. Fischer and Great West were not notified in advance of the stipulated settlement. Thereafter, Merrick, as the assignee of Western Hay, filed the present action against Fischer and Great West. Merrick alleged in this action that Fischer was negligent in failing to procure workers' compensation insurance for Western Hay when Western Hay had specifically requested such insurance for its trucking business, failing to notify Western Hay of Nebraska's statutory requirement for employers to carry workers' compensation insurance, and failing to warn Western Hay that its insurance did not cover injuries to employees while in the scope of their employment. Merrick separately alleged that Great West denied Western

Hay's request for a defense in bad faith. Merrick alleged that Fischer and Great West are responsible for payment of the judgment entered against Western Hay.

Fischer filed an answer which admitted that it is an insurance broker and alleged that it met any and all applicable duties and responsibilities. Great West filed an answer which alleged that Merrick's claim is not covered under the relevant policy, because of the policy's workers' compensation and employer's liability exclusions. Each defendant moved for summary judgment. Following a hearing, the district court issued an order sustaining both motions and dismissing Merrick's complaint with prejudice.

In considering Merrick's claim against Fischer, the court found the undisputed evidence showed that on February 2, 2009, Western Hay called Fischer to request workers' compensation insurance, but did not provide the payroll information necessary for Fischer to complete the quote until April 1, the day after Merrick's accident. The court concluded that Fischer had no duty to secure workers' compensation insurance for Western Hay until after the payroll records were provided on April 1. The court further concluded that there was no evidence showing that Fischer breached a duty to obtain workers' compensation insurance for Western Hay, failed to advise Western Hay regarding workers' compensation insurance prior to its request for a quote, or failed to warn Western Hay that its insurance policy did not cover injuries to employees in the course and scope of their employment. The court concluded that Fischer was entitled to judgment as a matter of law.

As to Merrick's claim against Great West, the court determined that the policy at issue contains exclusions for claims based on workers' compensation liability. The court determined that due to such exclusions, Great West was not required to defend Western Hay in the underlying lawsuit. The court concluded that Great West was entitled to judgment as a matter of law.

Merrick appealed. We moved the appeal to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this State.[1]

## ASSIGNMENTS OF ERROR

Merrick assigns, restated, that the district court erred in (1) applying case law applicable to insurance agents rather than insurance brokers, (2) finding that Fischer fulfilled its duties as an insurance broker to Western Hay, and (3) finding that Great West did not owe a duty to defend Western Hay.

## STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[2] In reviewing a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[3]

[3] The interpretation of an insurance policy presents a question of law that an appellate court decides independently of the trial court.[4]

## ANALYSIS

### Fischer Not Negligent

Merrick argues that, as an insurance broker, Fischer had a duty to advise Western Hay of its obligation as an employer under the Nebraska Workers' Compensation Act to carry workers'

---

[1] See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2018).

[2] *Ray Anderson, Inc. v. Buck's, Inc.*, 300 Neb. 434, 915 N.W.2d 36 (2018).

[3] *Id.*

[4] *Gage County v. Employers Mut. Cas. Co.*, 304 Neb. 926, 937 N.W.2d 863 (2020).

compensation insurance.[5] Merrick contends that had Fischer "simply told Western Hay that [it] had to carry coverage" then Fischer "would have met its duty of providing sound advice to Western Hay."[6] Merrick thus argues that the court erred in dismissing his negligence claim against Fischer.

[4-7] To prevail in any negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages.[7] An insurance agent or broker who agrees to obtain insurance for another but negligently fails to do so is liable for the damage proximately caused by such negligence.[8] When an insured asks an insurance agent to procure insurance, the insured has a duty to advise the insurance agent as to the desired insurance.[9] An insurance agent has no duty to anticipate what coverage an insured should have.[10] It is the duty of an insured to advise the agent as to the insurance he wants, including the limits of the policy to be issued.[11]

In *Polski v. Powers*,[12] this court noted that although it may be good business for an insurance agent to make insurance coverage suggestions, absent evidence that an insurance agent has agreed to provide advice or the insured was reasonably led by the agent to believe he would receive advice, the failure to volunteer information does not constitute either negligence or breach of contract for which an insurance agent must answer in damages. We went on to hold that it would be an unreasonable

---

[5] See, Neb. Rev. Stat. § 48-103 (Reissue 2010); § 48-106.

[6] Brief for appellant at 10.

[7] *Lewison v. Renner*, 298 Neb. 654, 905 N.W.2d 540 (2018).

[8] *Hobbs v. Midwest Ins., Inc.*, 253 Neb. 278, 570 N.W.2d 525 (1997); *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991).

[9] *Dahlke v. John F. Zimmer Ins. Agency*, 245 Neb. 800, 515 N.W.2d 767 (1994).

[10] *Id.*

[11] *Manzer v. Pentico*, 209 Neb. 364, 307 N.W.2d 812 (1981).

[12] *Polski v. Powers*, 221 Neb. 361, 377 N.W.2d 106 (1985).

burden to impose upon insurance agents a duty to anticipate what coverage an individual should have, absent the insured's requesting coverage in at least a general way.[13]

Relying on this line of authority, the district court found that Fischer had no duty to advise Western Hay regarding workers' compensation insurance until Western Hay requested a quote for workers' compensation insurance in February 2009. Fischer responded to that request by asking for Western Hay's payroll information in order to obtain a quote for the necessary coverage. Fischer did not receive the requested information until after Merrick's accident. On April 8, Fischer informed Western Hay that it had obtained a quote, but the quote was too expensive. The district court reasoned that under these facts, Fischer had no duty to obtain workers' compensation insurance for Western Hay and advise Western Hay regarding such insurance until Western Hay's request in February 2009. The court found that it was the actions of Western Hay which delayed the insurance quote and that Fischer had not provided Western Hay with any false information regarding the commercial line policy's coverage or the need for workers' compensation coverage. Thus, the court found that Fischer had not breached its duty to Western Hay and that Fischer was entitled to judgment as a matter of law.

Merrick suggests that the district court did not sufficiently recognize that Fischer is an insurance broker and not an insurance agent. We have previously addressed the distinction between an insurance broker and an insurance agent.

"A representative of the insured is known as an 'insurance broker.' A broker represents the insured by acting as a middleman between the insured and the insurer, soliciting insurance from the public under no employment from any special company, and, upon securing an order, places it with a company selected by the insured, or if the insured has no preference, with a company selected by the broker.

---

[13] *Id.*

In contrast, an 'insurance agent' represents an insurer under an exclusive employment agreement by the insurance company."[14]

Merrick's primary argument on appeal is that "the duty owed by an insurance broker differs from that of an insurance agent as to a broker's duty to advise clients concerning certain matters."[15] Merrick argues that based on cases like the Eighth Circuit's decision in *Bell v. O'Leary*,[16] a broker owes an insured a duty to act with reasonable care, skill, and diligence. Merrick then goes on to argue, without supporting legal authority or standard of care testimony, that Fischer had an affirmative duty to advise Western Hay for insurance risks known to the trucking business and that in order for Fischer to fulfill its duty to act with reasonable care, Fischer was required to advise Western Hay to carry workers' compensation insurance.

We find that under the facts of this case, and upon consideration of Merrick's theory regarding the duty an insurance broker owes to an insured, Merrick's reliance on the distinction between an insurance broker and an insurance agent is misplaced.

Merrick's argument is not supported by the rationale articulated in our decision in *Broad v. Randy Bauer Ins. Agency*.[17] In that case, we acknowledged that courts often use the term "insurance agent" loosely,[18] but recognized the need to consider how agency principles affect an insurance intermediary's contract liability. Upon review of agency principles recognized

---

[14] *Broad v. Randy Bauer Ins. Agency*, 275 Neb. 788, 794, 749 N.W.2d 478, 483 (2008). See, also, *Moore v. Hartford Fire Ins. Co.*, 240 Neb. 195, 481 N.W.2d 196 (1992); 3 Steven Plitt et al., Couch on Insurance 3d § 45:1 (2011).

[15] Brief for appellant at 7.

[16] *Bell v. O'Leary*, 744 F.2d 1370 (8th Cir. 1984).

[17] *Broad, supra* note 14.

[18] See, e.g., *id.*; *Bell, supra* note 16; 3 Plitt et al., *supra* note 14.

in the insurance context, we concluded that an insurance agent is not personally liable to the insured for contracts the agent makes on behalf on the insurer.[19] However, we recognized the existence of a valid cause of action against a broker for breach of contract to procure insurance, because the broker is the insured's agent.[20] Thus, *Broad* recognized that agency principles may dictate the causes of action available against a broker or agent. The distinction between an agent and a broker is important because acts of an agent are imputable to the insurer and acts of a broker are imputable to the insured.[21] Our decision in *Broad* did not suggest, as Merrick assumes, that agency principles affect the scope of the general duty that an insurance intermediary owes to an insured to act with reasonable care.

[8,9] Here, Merrick has asserted a claim against Fischer for negligence. We have previously recognized that a broker who agrees to obtain insurance coverage for another but fails to do so is liable for damage proximately caused by such negligence, including the amount that would have been due under such policy if it had been obtained.[22] If an insurance agent or broker undertakes to advise an insured, the agent or broker must use reasonable care to provide accurate information.[23] Thus, Nebraska law requires an insurance broker to secure the insurance requested by the insured and if the insurance broker is advising the insured, the broker must do

---

[19] *Broad, supra* note 14, citing *Gieseke v. Hardware Dealers Mut. Fire Ins. Co.*, 46 Ill. App. 2d 131, 195 N.E.2d 32 (1963).

[20] See *Broad, supra* note 14.

[21] See, *United Fire & Cas. Ins. Co. v. Garvey*, 419 F.3d 743 (8th Cir. 2005); *Mark Andy, Inc. v. Hartford Fire Ins. Co.*, 229 F.3d 710 (8th Cir. 2000); 3 Plitt et al., *supra* note 14.

[22] *Countryside Co-op v. Harry A. Koch Co.*, 280 Neb. 795, 790 N.W.2d 873 (2010), *disapproved on other grounds, Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019).

[23] *Flamme, supra* note 8.

so with reasonable care. Merrick posits that Fischer's duty in this case is broader than previously recognized by this court and encompasses a duty to evaluate risks within the insured's business and advise the insured regarding those risks or, more specifically, to advise an insured employer to obtain workers' compensation insurance even in the absence of a request for such insurance.

We are persuaded that Merrick's claim against Fischer is resolved by application of the Nebraska Court of Appeals' decision in *Hansmeier v. Hansmeier*.[24] There, the owners of a farming operation obtained insurance through an insurance agent. The farm had one full-time employee but did not provide insurance for the employee. The employee then injured his thumb in an auger, and the injury was not covered under the farm's liability policy. The farm had not complied with § 48-106(7), which provides that if an employer who is engaged in an agricultural operation, as described under § 48-106(2)(d), elects to be exempt from the Nebraska Workers' Compensation Act, then the employer must provide employees written notice that the employer does not provide workers' compensation coverage and the employee must sign the notice. Section 48-106(7) states that the failure to provide the required notice subjects the employer to liability under the Nebraska Workers' Compensation Act for any employee not notified. The farm owners did not provide the required notice, the employee brought a workers' compensation claim against the farm owners, and the parties reached a settlement.

The farm owners in *Hansmeier* then brought a negligence claim against their insurance agent based on the failure to properly advise them regarding the necessity or availability of workers' compensation insurance. The Court of Appeals found that any claim of negligence or negligent representation failed as a matter of law. The court stated that the parties had discussed workers' compensation insurance, but the

---

[24] *Hansmeier v. Hansmeier*, 25 Neb. App. 742, 912 N.W.2d 268 (2018).

farm owners elected not to purchase such insurance. The court found that the insurance agent had not provided any false information to the insureds and that the agent had no further responsibility to inform the insureds of their obligations under the notice provisions of the Nebraska Workers' Compensation Act.[25]

[10] We agree with the proposition articulated in *Hansmeier* that the Nebraska Workers' Compensation Act governs employers, not insurance agents.[26] Our prior cases have generally indicated an insurance intermediary owes a duty of reasonable care, whether the intermediary is an agent or broker.[27] Given that, under *Hansmeier*, the Nebraska Workers' Compensation Act does not affect an insurance agent's duty to act with reasonable care, we hold that the same is true for insurance brokers. Absent evidence that an insurance agent or broker has agreed to provide advice or the insured was reasonably led by the agent to believe he would receive advice, the failure to volunteer information does not constitute either negligence or breach of contract for which an insurance agent or broker must answer in damages.[28]

The Eighth Circuit Court's decision in *Bell* is factually distinguishable.[29] In that case, an insurance broker obtained flood insurance for two different owners of mobile homes. The mobile home owners experienced flood damage, and their insurance claims were denied because the policies had been issued erroneously. The insurer determined that the mobile homes were not eligible for flood insurance because they were located in unincorporated areas. The Eighth Circuit held that under Missouri law, an insurance broker who fails to determine whether a client is eligible for insurance coverage

---

[25] See *id*.

[26] *Id*.

[27] See, *Hobbs, supra* note 8; *Flamme, supra* note 8.

[28] See *Polski, supra* note 12.

[29] *Bell, supra* note 16.

is negligent.[30] The court found that the insured had relied on the broker to obtain the requested insurance, that the broker accepted that responsibility, and that by failing to discover the insureds were ineligible for coverage and by failing to notify them of that fact, the broker was negligent.[31]

In the present case, even when the evidence is viewed in the light most favorable to Merrick, there is no failure to obtain effective insurance by Fischer that is analogous to the actions of the broker in *Bell*. Rather, the failure in this case was on the part of the insured for failing to request workers' compensation insurance and failing to timely provide payroll information. Merrick acknowledged at oral argument that he was not alleging any negligence in procuring the requested insurance and that he did not challenge the district court's finding that the actions of Western Hay delayed the insurance quote by failing to provide the necessary information until 1 day after Merrick's accident. Further, we note that the Eighth Circuit was applying Missouri law in *Bell*, and the Missouri Supreme Court has specifically rejected the argument that insurance brokers have the duty Merrick is arguing for here.[32]

Just as in *Hansmeier*, Fischer never provided Western Hay with false information regarding insurance coverage and there were no agreements between Western Hay and Fischer which obligated Fischer to advise Western Hay of its obligation to maintain workers' compensation insurance.[33] As a result, Fischer had no duty to advise Western Hay of its obligations under the Nebraska Workers' Compensation Act.

Further, as we stated in *Broad*, a broker represents the insured by acting as a middleman between the insured and the

---

[30] *Id.*

[31] *Id.*

[32] See, e.g., *Emerson Elec. Co. v. Marsh & McLennan Co.*, 362 S.W.3d 7 (2012) (brokers have no duty to advise insured on its insurance needs unless they specifically agree to do so).

[33] See *Hansmeier, supra* note 24.

insurer, soliciting insurance from the public under no employment from any special company, and, upon securing an order, places it with a company selected by the insured or, if the insured has no preference, with a company selected by the broker.[34] The evidence indicates that no order for workers' compensation insurance was placed by Western Hay until February 2009 and that Western Hay failed to provide the necessary payroll information to secure such an order. As a result, Fischer did not breach its duty to Western Hay.

Fischer is entitled to judgment as a matter of law. This assignment of error is without merit.

### Great West Owed No Duty to Defend

Merrick argues that Great West had a duty to defend Western Hay in the underlying lawsuit and acted in bad faith when it failed to provide a defense. The district court found that the commercial lines policy clearly excluded coverage for workers' compensation liability and that as a result, Great West was not required to defend Western Hay. Merrick argues that the workers' compensation exclusion in the policy is inapplicable because the case was brought in district court, not workers' compensation court.

[11] A court construes insurance contracts like other contracts, according to the meaning of the terms that the parties have used. When the terms of an insurance contract are clear, a court gives them their plain and ordinary meaning as a reasonable person in the insured's position would understand them.[35]

[12-14] Whether an insurer has a duty to indemnify and defend an insured depends upon whether the insured's claimed occurrence falls within the terms of the insurer's coverage as expressed in the policy.[36] The insurer has a duty to indemnify

---

[34] See *Broad, supra* note 14.

[35] *Federated Serv. Ins. Co. v. Alliance Constr.*, 282 Neb. 638, 805 N.W.2d 468 (2011).

[36] *Id.*

an insured who becomes legally liable to pay damages for a covered occurrence.[37] An insurer's duty to defend is broader than the duty to indemnify.[38]

[15,16] A court must initially measure an insurer's duty to defend an action against the insured by the allegations in the complaint against the insured, but in determining its duty to defend, an insurer must look beyond the complaint and investigate and ascertain the relevant facts from all available sources.[39] An insurer has a duty to defend if (1) the allegations of the complaint, if true, would obligate the insurer to indemnify, or (2) a reasonable investigation of the facts by the insurer would or does disclose facts that would obligate the insurer to indemnify.[40] Thus, an insurer has a duty to defend its insured whenever it ascertains facts that give rise to potential liability under the policy.[41] Conversely, an insurer is not bound to defend a suit if the pleadings and facts ascertained by the insurer show the insurer has no potential liability.[42] Although an insurer is obligated to defend all suits against the insured, even if groundless, false, or fraudulent, the insurer is not bound to defend a suit based on a claim outside the coverage of the policy.[43] To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the insurance policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.[44]

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Mortgage Express v. Tudor Ins. Co.*, 278 Neb. 449, 771 N.W.2d 137 (2009).

[44] See *LeRette v. American Med. Security*, 270 Neb. 545, 705 N.W.2d 41 (2005).

Upon our de novo review of the commercial lines policy, we are persuaded that Western Hay's underlying claim is excluded under the employer's liability exclusion. As detailed above, both the commercial auto and commercial general liability provisions of the commercial lines policy contain a workers' compensation exclusion and an employer's liability exclusion. The workers' compensation exclusion excludes any obligation for which any "'insured'" may be held liable under any workers' compensation law or similar law. The employer's liability exclusion states that the insurance policy does not apply to "'[b]odily injury'" to an "'employee' of any 'insured' arising out of and in the course of . . . [e]mployment by any 'insured.'"

We determine that the language of the employer's liability exclusion is clear and unambiguous and that based on an ordinary understanding of the terms within the exclusion, a reasonable person in the insured's position would understand that the policy does not cover injuries to employees occurring in the course and scope of their employment. The allegations in Merrick's complaint in the underlying action made clear that he sought to hold Western Hay liable for damages based on injuries he sustained during the course and scope of his employment as a truckdriver. These allegations demonstrate that Great West had no potential liability under the commercial lines policy based on Merrick's injuries. As a result, Great West had a reasonable basis for denying benefits of insurance coverage and did not act in bad faith in refusing to provide a defense to Western Hay.

And it makes no difference here that Merrick's claim was asserted in the district court rather than the Nebraska Workers' Compensation Court. As we have already explained, the policy exclusion was clear and unambiguous. The procedure permitting a suit in the district court by an injured worker against an uninsured employer does not impose an obligation upon an insurer where the policy at issue clearly excludes any such coverage.

Based on the employer's liability exclusion, Great West had no contractual obligation to defend or indemnify Western Hay in the lawsuit brought by Merrick. Great West had a valid basis for denying coverage, and thus, Great West is entitled to judgment as a matter of law. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the district court granting summary judgment in favor of Fischer and Great West.

Affirmed.